JOSEPH PAUSKA v. LEOPOLD DAUS.

The 11th section of the act of 4th May, 1846, reads as follows: "If from any cause no jury has been drawn, as contemplated in the preceding sections of this act, or no *venire* has issued, or the *venire* be quashed, or the array challenged, or whenever none of the jurors returned upon the *venire* are in attendance upon the court, the court shall have power to direct the issuance of a *venire facias*, commanding the sheriff or other officer to summon the requisite number of legally qualified jurors; and such *venire* may be made returnable at such times as the court may direct, and upon the return thereof the same proceedings shall be had as in cases where the jury has been regularly drawn." (Paschal's Dig., Art. 3985.) Even if it be true that the jury-list has not been made and the jury drawn, as required by the preceding articles, everything will be presumed in favor of the legality and regularity of the action of the court until the contrary appears. [Tweedy v. Briggs & Yard, *post*, 74.]

Where depositions had been taken in Mexico by "a vice commercial agent," the objection goes to "the manner of taking depositions," and it must be in writing. (Paschal's Dig., Art. 3742, Note 851.)

The object of the rule is to prevent technical objections and surprise.

The amendatory act of 17th December, 1861, gives interest upon open accounts at the rate of eight per centum from the 1st of the following January after they are made. (Paschal's Dig., Art. 3940, Note 930.)

If the contract be made in a foreign country, the law of interest will be presumed to be the same as our own, unless the contrary be averred and proved. (Paschal's Dig., Art. 3708, Note 834.)

Where the question of the right of negroes to sit upon a jury did not appear otherwise than in a motion for a new trial it cannot be revised.

APPEAL from Harris. The case was tried before Hon. BENJAMIN SHROPSHIRE, one of the district judges.

The petition was for the balance of an open account, and did not aver where the account was made or payable. But the plaintiff made affidavit to it in Matamoros, Mexico. The defendant pleaded the general issue, payment, set-off, that interest was only due after the 1st of January, 1866, and specially against some items. The jury found a verdict for the amount of the account and interest.

The bill of exceptions stated that the defendant objected that none of the jurors' names were on the jury-list, but there was no statement of any proof about it. Also that the defendant objected to the officer before whom the depositions were taken; and the court overruled the objection because it was not in writing. Also that the defendant objected to interest of Texas being allowed. There was no statement of facts in the record, nor were the depositions of the witnesses set out, nor the certificate of the officer taking them. The errors assigned are indicated in the opinion.

*Henderson & Whitfield,* for appellant.—I. The jury impanneled to try this cause was not competent under the constitution and laws of the State of Texas. The act regulating juries, approved 4th May, 1846, provides that the county court shall meet on the first Monday of July each year, and prepare a list of qualified jurors, who shall be men of good moral character, qualified electors in the

county under the constitution, freeholders in the state, or householders in the county.   (Paschal's Dig., Art. 3975.)

The defendant in the court below challenged each and all of said jurors, and based his objection under article 3040 of Paschal's Digest, which provides that objection to jurors may be made for any of the following reasons, and the second reason is, "that his name is not upon the list required to be kept by the county court from which jurors are drawn." Not one of the jurors impanneled in this case had his name upon the jury-list. Section 12, article 1, of the constitution provides that the right of trial by jury shall remain inviolate.

General order No. 13, issued by General Griffin, did not abolish the requirements of the laws of Texas, but merely added another qualification to jurors, that before a man should sit as a juror he must possess the qualifications required by law and be enabled to take the oath required by act of Congress approved July 2, 1862.

Nine of the jurors were negroes, and at that time were not allowed to vote either by state or federal laws, hence they were not electors.

II. There was manifest error in the ruling of the court which permitted the deposition of J. Reymershoffer to be read, and in overruling the objections of defendant's attorneys. The deposition was not of that character which required a written objection to be filed with the clerk of the court. The objection was not to the form of the deposition or the manner of its taking, but to the deposition itself, as having been taken before a vice commercial agent, an officer unknown to the laws of the State of Texas. (Paschal's Dig., Art. 3742.) By reference to article 3730 of Paschal's Digest it will be seen that no such officer as vice commercial agent was authorized to take depositions, and the deposition taken by such an individual has no higher standing than if it had been taken by an individual citizen of Mexico.

III. The cause of action was an open account contracted at Matamoros, in the republic of Mexico. By the Mexican law the rate of interest is five per cent. from the time of payment expressed in the contract, or from the time of express or judicial demand. (Davis v. Thorne, 6 Tex., 486; Chavelier v. Buford, 1 Tex., 505.)

Interest is a creature of the statute, and cannot be given in a case not embraced in its terms. (Close v. Fields, 2 Tex., 238.)

Open accounts contracted in Mexico and payable there are not embraced in our statute allowing interest on open accounts.

Matamoros being in the republic of Mexico, a foreign country, if interest is sought to be recovered it should have been alleged and proved.

The contract, if any, was made in Mexico, to be performed there; interest, as governed by the laws of Mexico, should have been alleged, and not in accordance with the laws of Texas. (3 Johns. Ch., 610; Boyce v. Edwards, 4 Pet., 111; Winthrop v. Carleton, 12 Mass., 3; Foden & Slater v. Sharp, 4 Johns., 183; Fanning et al. v. Consegua, 17 Johns., 510.)

No brief for the appellee has been furnished to the *Reporter*.

LINDSAY, J.—This is a suit brought by the appellee against the appellant upon an open account, and upon which judgment was obtained in the court below on the verdict of the jury for the amount of the account and interest from the 1st of January succeeding the date of the *assumpsit* up to the finding of the jury. It appears that the plaintiff in the court below was a resident of Matamoros, Mexico, where the liability was contracted.

On the trial of the cause in the district court four several exceptions were taken to the proceedings there

had, and are relied upon as grounds for reversal in this court.

1. It is insisted that the court committed an error in overruling the objections of defendant to each and all of the jurors impanneled and sworn to try the cause, because no one of them was upon the list made by the county court of Harris county, as is required by law, and that each of said jurors was challenged for cause as he was presented.

Governments would be very remiss in their duties to their citizens or subjects if they failed to make provision against the neglects and delinquencies of their agents or officers. Their laws almost universally prescribe the duties of public officers, and are usually directory and mandatory, and sometimes are enforced by penal sanctions. But to guard against the possible failure of public justice by reason of their negligence or malversations in office, all provident governments will make provir ion for such defects of administrative justice. We think Texas has done so.

The objection taken in the exception is, that the names of the jurors were not on the jury-list. Nothing of proof is offered upon the subject, and every intendment should be indulged by the law in favor of the correct action of the court, until it is made clearly manifest that some error has been committed. But suppose it be true that none of the jurors who tried the case were on the jurylist, that the county court, from neglect, nonfeasance, or even malversation in office, had failed to have such jurylist kept in their counties, it does not necessarily follow that the judicial administration is arrested by this subordinate branch of the government. The law in relation to the jury-list is simply mandatory and directory to the county court, and is not enforced by any penal sanctions. It cannot be possible that, if the county court of any particular county should become refractory and contumacious, and absolutely refused to provide and keep a jury-list at all times in the county, the judicial determination of the

rights of the people in that county must be brought to a stand-still to await the pleasure of its action. It would be a grave misfortune to any people if there should be such *casus omissus* in the legislation of their government. The legislature in this State has, perhaps, anticipated such a misfortune, and provided against it in article 3985 of Paschal's Digest. If from any cause a jury has not been provided for, as is directed to be done by the county court, the district judge has power to direct the issuance of a *venire facias* to summon the requisite number of legally qualified men and proceed with the business of his court. For aught that appears in this case this course may have been pursued. At all events, everything will be presumed in favor of the regularity and legality of the action of the court until the contrary appears. The court may have neglected its duty in consequence of order No. 13, issued by the military commander of this district. No matter from what cause it arose, the presumption of law is that the judge of the court acted upon the exigency and in accordance with the law. There is no fact in the record which shows that the jurors were not "well qualified to serve as jurors." Hence this assignment of error cannot be considered as maintainable in this court.

2. It is also contended that the court further erred in permitting a deposition, purporting to be taken in Mexico by a vice commercial agent, to be read as evidence to the jury. Certainly what the witness deposed would be relevant and material testimony in the cause if the deposition were properly and legally taken, and would elucidate the matter in controversy between the parties. Hence the law has provided, that if there be objections "to the manner of taking depositions," they must be in writing, and "notice given to the opposite counsel" before the trial commences. [Paschal's Dig., Art. 3742, Note 851.] The rule is founded upon the clearest principles of distributive justice. Its object was to afford a party an opportunity to correct such

errors. When evidence did exist in favor of his right, that it should not be defeated by any technical informality in the deposition itself, nor by any casual mistake in the manner, the means, or the instrument or agent in taking it. This written objection and notice were not supplied in this case, therefore this assignment of error is untenable.

3. It is assigned as error, likewise, that the suit was upon an open account, created at Matamoros, Mexico, and that the court ruled that the plaintiff was entitled to interest upon it from the 1st day of January thereafter until paid at the rate of eight per centum per annum. Our statute of the 17th of December, 1861, does just exactly make such a provision. [Paschal's Dig., Art. 3940, Note 930.] But it is insisted, as the contract was made in Mexico, that the *lex loci contractus* must govern as to the rate. This is true, if it had been alleged and proved by the pleader. But that seems not to have been done. Consequently the rule of decision of the *lex fori* must be applied. [Paschal's Dig., Art., 3708, Note 834.] It must be recollected that it is by the comity of states or nations that foreigners are permitted to sue in the domestic forum. And by that same comity the rules of decision in the domestic forum are applied as well to foreigners as to citizens, unless the facts of the case are overruled and controlled by the public or general law. If the rate of interest in Mexico had been relied upon and pleaded in this cause, that general or public law, in contradistinction to the municipal law of the place of the remedy, would have been applicable to the case. But it was not so relied upon, and the rule of decision of the domestic forum was very properly adopted. (Paschal's Dig., Art. 3940.)

4. There is a question mooted in the reasons filed for a new trial and in the brief of the appellant which is not brought before this court in such a way as to require its adjudication. It is stated that some of the jury were colored men, and therefore it is inferred that they were not qualified electors. This is not a logical sequence from the

Syllabus.

premises. There are various shades of color among the human race in this country, and there is no legal technical signification to the phrase "colored men" which the courts are bound judicially to know. A man of pure Caucasian blood, in the freaks of nature and the idiosyncrasies of families, is sometimes impressed with a dye much deeper than falls to the common lot of his race. And it is supposed that if such a one was challenged for cause, upon the ground that his color, *prima facie*, disqualified him as a juryman, and the court should nevertheless admit him to be impanneled, we would not, for that cause alone, be warranted in interfering with the action of the court. If affidavits had been filed to sustain the motion for a new trial, showing that the jurors sworn were embraced within the inhibitions of the constitution and the laws, we would feel ourselves bound to meet the question, and to settle it according to our convictions of what the constitution and the laws enjoin. But this record presents no such state of case. After full consideration, therefore, of all the grounds presented in the record, we can find nothing to justify us in disturbing the verdict and judgment of the court below. The judgment is therefore

Affirmed.