C. H. Barton v. The State.

No. 5506.     Decided November 5, 1919.

1.—Burglary—Depositions—Practice in District Court—Affidavit—Continuance.

Where, upon trial of burglary by the use of high explosives, the District Court had issued a commission to another State to take the depositions of certain witnesses for the defense, in answer to the direct and cross interrogatories accompanying the commission, and the depositions were taken,

returned and filed with the district clerk, and at a subsequent term thereof, when the case was called for trial, the county attorney presented a written motion to quash the depositions which had not been filed before, and no notice of it had been served upon the defendant or his counsel, it was reversible error to sustain it; especially in view of the application for continuance to secure the presence of the district clerk to show that the preliminary affidavit had been filed.

**2.—Same—Depositions—Affidavit—Statutes Construed — Predicate — Commission.**

The affidavit, required by article 824, C. C. P., goes to the manner and form of taking depostions in criminal cases and is required as a predicate for the issuance of a commission, and it appearing that the State's attorney had notice thereof and filed cross-interrogatories, and that no objections were filed to the form of taking depositions, at the proper time, a motion to quash them should have been overruled, and it was not necessary that said affidavit should accompany the depositions or the commission.

**3.—Same—Civil Cases—Depositions—Practice in District Court—Continuance.**

Article 822, C. C. P., declares that the rules obtaining in civil cases shall control the taking of depositions in criminal cases, when not in conflict with the requirement of the chapter in which that article is found, and article 3676, civil code, provides that where depositions have been on file for one day before the case is called no objection to their form or manner cf taking shall be heard, unless such objections are in writing and notice thereof is given to the opposite counsel before the trial begins, and such objections shall be made and determined at the first term of the court after the depositions have been filed and not thereafter; therefore the motion to quash in the instant case, coming at a subsequent term, should not have been entertained. Following: Blake v. State, 38 Texas Crim. Rep., 377; besides, the defendant was entitled to have the testimnoy of the clerk to show that the preliminary affidavit was filed.

**4.—Same—Jury and Jury Law—Practice on Appeal.**

Where the judgment is reversed and the cause remanded upon other ground, bills of exception to the formation of the jury need not be discussed.

**5.—Same—Evidence—Bills of Exception.**

In the absence of sufficient bills of exception objections to the introduction of circumstantial evidence cannot be considered on appeal.

**6.—Same—Evidence—Witness—General Reputation.**

Upon trial of burglary, testimony to support a States witness who had been impeached by proof that his general reputation was bad, should not have been admitted. However, the bills of exception being insufficient no reversible error is shown.

Appeal from the District Court of Somerville. Tried below before the Hon. O. L. Lockett, judge.

Appeal from a conviction of burglary by the use of high explosives; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*J. K. Russell,* for appellant.

*C. M. Cureton,* Attorney General, *C. W. Taylor,* Assistant Attorney
General, for the State.

MORROW, Judge.—Appellant is under sentence of confinement in
the penitentiary for twenty-five years, for the offense of burglary by
the use of high explosives.

The indictment was returned April 16, 1918. It appears that on
the twenty-third day of April, 1918, the clerk of the District Court
of Somerville County issued a commission directed to the proper
officer in the State of Oklahoma to take the deposition of certain
witnesses named therein residing at Tulsa, Oklahoma, in answer to
the direct and cross-interrogatories accompanying the commission; that
the depositions were taken and returned and filed with the District
Clerk on the 18th day of August, 1918; that subsequent thereto said
court held its September term in 1918, and subsequently at the April
term of said court of 1919, this cause was tried. When the case was
called for trial, bill of exceptions shows that the county attorney pre-
sented to the court a written motion to quash the depositions; that
motion had not prior thereto been filed, and no notice of it had been
served upon the appellant or his counsel; that when it was read the
court sustained it, and it was then filed by the clerk. Appellant's
counsel sought and obtained leave and time to file an application for
continuance, claiming that they were surprised at the action of the
court quashing the depositions, and on presentation of the motion for
continuance it was overruled. The action of the court in quashing
the deposition, as we understand the record, was based upon the fact
that it was not made to appear that the appellant had as a predicate
for obtaining commission to take the depositions made the affidavit re-
quired by Article 824 of the Code of Criminal Procedure. In con-
nection with the application for continuance and subsequent motion to
permit the use of the depositions upon the trial, there were filed and
brought to the attention of the court affidavits of several persons to
the effect that an affidavit complying with the requirements of the
article mentioned was filed in a timely manner, and in the affidavits
mentioned there is contained a substantial reproduction of the al-
leged affidavit. Controverting the motion to continue, the county
attorney denied that the affidavit had been made. Among the other
allegations in the application for continuance was one that the clerk
of the District Court, who issued the commission to take the deposi-
tions, would testify if present that the affidavit was filed; the motion
charging that clerk at the time was in New Mexico, and time was
sought within which to procure his testimony. In connection with
the motion, affidavits were filed which embodied the facts required
as a predicate for the introduction of depositions by Article 832, Code
of Criminal Procedure, if in fact that article refers to other than
depositions taken at an examining trial. The deposition in question,

by the testimony of several witnesses, were sufficient if believed to establish an alibi for the appellant by showing that at the time the offense was committed he was in Oklahoma. The court in his qualifications—which were not accepted as correct by the appellant—stated among other things that on the trial a witness appeared and testified to an alibi in behalf of the appellant, and further says that he considered and believed to be true controverting statement filed by the county attorney. We regard the affidavit required by Article 824 as an item of procedure going to the manner and form of taking depositions in a criminal case. Vernon's Civil Statutes, vol. 3, p. 2306, and cases referred to. See also Ellis v. Lewis, 45 Texas Civ. App. 284, 100 S. W. Rep., 190; Blake v State, 38 Texas Crim. App., 377. The law requires this affidavit to be made as a predicate for the issuance by the clerk of notice to the adverse parties, and the issuance of commissions. It affirmatively appears that the county attorney had notice and filed cross-interrogatories, and that the clerk issued commissions and thereon the depositions were taken and filed; and that no objections were filed to them until the day the case was called for trial. We find nothing in the statutes which requires the affidavit mentioned in Article 824 to accompany the depositions or the commission, and it being the duty of the clerk to have it preliminary to issuing the commission, the presumption would obtain prima facie at least that it was present before the commission was issued. The depositions appear to have been originally quashed upon the mere presentation of a written motion, not filed at the time it was presented upon which no proof was made by the State, Article 822, Code of Criminal Procedure, declares that the rules obtaining in civil cases shall control the taking of depositions when not in conflict with the requirement of the chapter in which that Article was found. Article 3676 of the Civil Code, provides that where depositions have been on file for one day before the case is called, no objection to their form or manner of taking shall be heard, unless such objections are in writing and notice thereof is given to the opposite counsel before the trial commences, "provided, however, that such objections shall be made and determined at the first term of the court after the deposition has been filed and not thereafter." It appears, therefore, that the motion in the instant case, coming at a subsequent term of the court, should not have been entertained. Blake v. State, 38 Texas Crim. Rep., 377, from which, on the subject, we quote as follows:

"The statute above quoted we regard as imperative on this subject; and it can mean nothing less than that, if the depositions are filed, an objection to the form and manner of taking same must be made at the first term of the court thereafter; and if not then made, such objection is waived, and cannot be made at a succeeding term." Even if the court was authorized to entertain it, we think, under the

showing made, the appellant was entitled to have the testimony of the clerk who issued the commission, and that the delay necessary to obtain it should have been afforded him.   The fact that the court on the affidavits before him was inclined to believe that the State's position was true and the appellant's untrue emphasizes the importance of obtaining the testimony of the clerk.   The fact that a witness appeared and testified to an alibi is no sufficient reason for depriving the appellant of the right to have the testimony of the several witnesses embodied in the depositions to show that he was in the State of Oklahoma and not in Texas when the offense was committed.   Such we understand to be the holding of the court in Blake v. State, 38 Texas Crim. App., 379.

There are bills of exceptions relating to the formation of the jury, which, in view of the fact that they are not likely to occur upon another trial, will not be discussed.

Several bills are reserved to the introduction of evidence.   The case was one depending upon circumstantial evidence in which the latitude given in the introduction of evidence of collateral matters is quite broad.   The bills prepared are meagre in presenting the attending circumstances, and we are not able to discern from them that error was committed.   Upon the subject of bills of exceptions see Branch's Annotated Texas Penal Code, sec. 207.

There are bills that indicate that the State was permitted to support a witness who had been impeached by proof that his general reputation was bad, by showing that he had made at other times statements consistent with his testimony upon the trial.   Such statements are not admissible under the circumstances, though as the matter is presented in the bills of exceptions and the explanation by the court, we are not able to say that they disclose error requiring reversal.

Because of the errors pointed out in the matters discussed relating to the depositions which were suppressed and excluded, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*