ST. PAUL, J.
 

 The defendant Hulse contracted to build for the plaintiff a levee of approximately 170,000 cubic yards at 26 cents per cubic yard, and the other defendant became the surety on his bond under Act 224 of 1918.
 

 The contract provided that the contractor should take the earth for the building of the levee exclusively from the inside (river side) of the proposed levee. It also provided that the contractor should be required to build at the same compensation and under the same conditions such run-rounds or loops, opposite and in front of the proposed levee, as plaintiff should deem necessary, to wit, emergency work in case of a sudden rise in the river before the hew levee was completed.
 

 About three weeks after the work started, the river rose suddenly, and a run-round or loop became necessary in front of a portion of the proposed new levee, approximately one half or third of its length. As the contractor, for reasons which are presently immaterial, was slow with his work (having placed only a few thousand yards in place, whereas his contract called for 45,000 yards per month), the plaintiff did not call upon the contractor to do this emergency work, but did it itself. And the actual cost of doing this work was approximately the same as the contract price.
 

 In doing this work, the plaintiff did not take the earth from the river side of the run-round or loop, but took it from the land side thereof, to wit, between the run-round and line of the proposed new levee; in other words, plaintiff used for the building' of the run-round the very earth that the contractor was expected to use for the proposed new levee, for about one-half or one-third of its length.
 

 The contractor thereupon declared his inability to go on with the work at the contract price, and refused to do so. The surety was duly notified and undertook to go on with the work at an additional cost of $3,500 to itself, but reserving the right to claim as additional compensation the extra cost of doing the work under the new conditions. But the new contractor, employed by the surety for that purpose, did nothing; and the plaintiff refused to recognize any claim on the part of surety for any extra compensation. Thereupon the .surety refused to go on with the work, and plaintiff had the work done by another contractor at an additional cost of 16 cents per cubic yard.
 

 This is a suit by plaintiff to recover from the contractor and his surety the extra cost of completing the levee, to wit, 16 cents per cubic yard.
 

 I.
 

 We are of opinion that plaintiff cannot recover. It was an active breach of the contract for plaintiff to use for the building of the run-round the earth which the contrae
 
 *899
 
 tor was entitled to use for the building of the new levee, as it made the performance of the contract much more difficult for the contractor, and would have entitled him to extra compensation had he chosen to go on with the work. Reynolds v. Board of Commissioners, 139 La. 518, 71 So. 787. Accordingly the contractor had the right to refuse to carry out the contract, since the performance thereof
 
 under the circumstances contemplated ip the parlies
 
 had been made impossible' by the act of one of the parties thereto. Cf. R. C. C. art. 1913, and article 1934, No. 4; Sitman & Burton v. Lindsey, 123 La. 53, 48 So. 646.
 

 II.
 

 The contractor claims, in reconvention, the profit which he would have made had he been called upon to build the run-round or loop, instead of plaintiff doing the work itself. IVe do not think he is entitled to recover. In the first place, this was
 
 emergency world,
 
 which the contractor might or might not be called upon to perform, but had no right to insist upon performing, and therefore could suffer no damage by not being called upon to perform it. In the next place, this record shows that the contract price of 26 cents was at least 5 cents too low to allow a profit to any contractor, and, as for the contractor’s claim that this was the easiest part of the work, the evidence shows that it cost plaintiff the full contract price to do the work in the cheapest way possible and without profit to any contractor.
 

 III.
 

 It is admitted that plaintiff (as subrogee of one August Schabel) is entitled to recover from the contractor the sum of $3,480.52 for supplies furnished him, such as groceries, feed, etc. But these supplies did not go into the work, and therefore did not operate a lien thereon under Act 224 of 1918. Hence they are not covered by the bond given under the provisions of that act. Red River Const. Co. v. Pierce Petroleum Corp., 165 La. 565, 115 So. 752; Silver v. Harriss, 165 La. 83, 115 So. 376; Miller v. Bonner, 163 La. 332, 111 So. 776.
 

 It is also admitted that plaintiff is indebted to the contractor in the sum of $3,459.30 foils,305 cubic yards put into the levee at 26 cents per yard.
 

 This leaves a balance in favor of plaintiff and against the contractor, but not against the surety, of $21.22.
 

 IV.
 

 The verdict of the jury and the judgment below were against both defendants in solido for $6,034.75. This was error, and we find it more convenient to recast that judgment than to amend it.
 

 Decree.
 

 The judgment appealed from is therefore set aside, and it is now ordered that there be judgment in favor of plaintiff, the board of commissioners of the Orleans levee district, and against the defendant S. T. I-Iulse, for the s,um of $21.22 with legal interest from judicial demand and the costs of the court below.
 

 It is further ordered that irlaintiff’s demand against the Globe Indemnity. Company be rejected, and that all costs of appeal be paid by plaintiff.
 

 O’NIELL, C. J„ recused.