RUSSELL LANE V. THE STATE.

No. 19523.   Delivered March 16, 1938.

The opinion states the case.

*Currie McCutcheon,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for 99 years.

The proof on the part of the State was to the effect that appellant and Blackie Doyle robbed Ray Williams. Appellant did not testify and introduced no witnesses whose testimony raised an affirmative defense.

Bill of exception No. 2 is concerned with the action of the trial court in declining to permit appellant to introduce the depositions of three witnesses taken before a notary public in Kansas City, Missouri. The testimony of said witnesses was to the effect that appellant was not in the city of Dallas when the offense was committed, but was in Kansas City, Missouri, in the home of one of said witnesses. It appears that the case was set for trial for the early part of December, 1936. At the appointed time appellant secured a continuance in order to take the depositions of said witnesses, which were forthwith taken after application had been duly filed. Said depositions were returned and filed on the 28th of December, 1936, and were not opened until March 12, 1937, at which time the trial of the appellant was in progress. With said depositions on file the State had announced ready, and, for the first time during the trial, objected to their introduction on the ground that they were not taken before a judge. In short, there had been no motion to suppress said depositions.

Article 739, C. C. P., reads as follows: "The rule prescribed in civil cases for taking the depositions of witnesses shall, as to the manner and form of taking and returning the same, govern in criminal actions, when not in conflict with this Code."

Article 740, C. C. P., is as follows: "The rules of procedure as to objections to depositions in civil actions shall govern in criminal actions when not in conflict with this Code."

Article 3765, R. C. S., reads as follows: "When a deposition shall have been filed in the court at least one entire day before the day on which the case is called for trial, no objection to the form thereof, or to the manner of taking the same, shall be heard, unless such objections are in writing and notice thereof is given to the opposite counsel before the trial commences. Such objection shall be made and determined at the first term of the court after the deposition has been filed, and not thereafter."

In Blake v. State, 43 S. W. 107, this Court cited Pauska v. Daus, 31 Texas 67; Adams v. State, 19 Texas App. 250, and

Lienpo v. State, 12 S. W. 588, in support of the conclusion that an objection to depositions, because the officer taking the same was not authorized by law to take them, was not available unless made in the manner required by Article 3765, supra. We quote from the opinion, as follows: "The above authorities show that an objection to depositions, because the officer taking the same was not authorized by law to take them, or some informality in the taking or return, is matter going to the form and manner of taking depositions."

See also Barton v. State, 215 S. W. 968.

Giving effect to the announcement of the decisions, we are constrained to hold in the absence of written objections interposed in the time and manner required by the statute, the depositions should have been received in evidence.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.