## BURK v. LIVINGSTON PARISH SCHOOL BOARD.

### No. 1830.

Court of Appeal of Louisiana. First Circuit.

April 7, 1938.

Reid & Reid, of Hammond, for appellant.

Bolivar E. Kemp, Jr., of Amite, and Jos M. Blache, Jr., of Hammond, for appellee.

OTT, Judge.

Plaintiff, an architect, sues to recover from the Livingston Parish School Board the sum of $1,465.31, which amount he claims is the balance due him for services rendered said school board as architect in making alterations and additions to the Maurepas high school in said parish. Plaintiff bases his suit on a contract with said school board dated January 16, 1935, which contract the school board admits signing. Plaintiff annexes to his petition a statement of account showing the above balance.

The defendant school board denies owing any further sum to plaintiff under its contract with him, but, on the contrary, avers that it has overpaid plaintiff, through mistake, the sum of $294.27, and asks for recovery of this amount by way of reconvention against the plaintiff. Judgment was rendered rejecting plaintiff's demand and allowing the reconventional demand of the defendant against the plaintiff in the sum asked for. The plaintiff has appealed.

■ Under the contract which the plaintiff makes the basis of his suit he is to receive for his services 10 per cent. of the cost of the work, with other payments and reimbursements provided for in the contract. The total cost of the work, including extras, was the sum of $28,936.12. Obviously, under the contract, plaintiff's fees on this item amount to the sum of $2,-893.61. But plaintiff in his statement has undertaken to charge 6 per cent. on a bid of $32,565 found to be too high because of insufficient funds for the school board to meet the cost. And plaintiff has charged on his account an additional amount of 4 per cent. for inspection and supervision on the actual cost of the work done. We find no justification for thus splitting the commissions under the contract, and plaintiff must be restricted to 10 per cent. of the total cost of the work, as the contract clearly provides for on this item.

■ We find that plaintiff has charged $250 for revising the plans and specifications made necessary by the inability of the school board to accept the lowest bid under the original plans and specifications, making it necessary for plaintiff to revise the plans and make up what he calls a breakdown estimate for submission with the application of the school board to the PWA for funds. We find in paragraph 4 of the contract that the owner agrees to pay the architect for extra service caused by changes ordered by the owner. Undoubtedly, the change of the plans to meet this new situation was made necessary by the instructions from the school board. It appears that the cost to the school board was reduced more than $3,600 by this change, and the work involved in making the necessary changes in the plans and specifications and in making up the breakdown estimate would seem to justify this charge, and we think it should be allowed.

■ Plaintiff has included a charge of $300 for drawing plans and specifications for a heating and plumbing system, this charge being based on 6 per cent. of the estimated cost of this work. We are unable to find any justification for this charge under the contract on which plaintiff bases his suit. His claim must stand or fall on the contract. In his testimony, plaintiff says that the plans and specifications for heating and plumbing were included in the original plans for the building, but that these original plans were subsequently changed in order to reduce the cost and the plumbing and heating were omitted in order to bring down the cost. In another part of his testimony, plaintiff says that the plans and specifications for the heating and plumbing were drawn before his contract with the school board was signed, and for that reason he cannot point to any place in the contract to justify this charge. In fact, he practically admits that the contract does not cover this charge.

■ In view of the uncertainty and lack of proof on this item, it cannot be allowed. If the service for drawing plans and specifications for the heating and plumbing is included in the original plans for the building, it would appear that this charge would come in connection with the alterations made in the plans made necessary in order to "cut the garment to fit the cloth." As the plaintiff has indicated that his right to recover for this item might be based on some other agreement with the school board, we have decided to enter a nonsuit on this part of his claim.

■ The contract provides that the owner is to reimburse the architect the cost of transportation and living incurred by him and his assistants while traveling in discharge of duties connected with the work. Plaintiff has included in his account two items for traveling expenses, one for $450 to cover these expenses from February, 1932, to January, 1935, and another to cover these expenses for the months of February, March, April, May, June, July, and August, 1935, for the sum of $402.20. If plaintiff has proved these expenses, he is entitled to recover them under the contract. As these expense items are denied by the defendant, it devolves on the plaintiff to prove their correctness with legal certainty.

■ Looking to the record for such proof, we are unable to say that the proof is sufficient to serve as the basis of an award on these two items. In one place in his testimony, plaintiff testified that the $450 item for traveling expenses is correct,

and he then adds this statement: "And it (the item) has been submitted in part as time went on unpaid by the School Board." If this testimony is correctly reported, we confess an inability to know just what is meant by it. There is nowhere in the record an itemized statement of these alleged expenses, running over a period of almost three years, nor is there any evidence that all these items have been approved by anyone.

On the item of $402.20 for traveling expenses from February to August, 1935, there is no itemized statement, but plaintiff says that all items on this bill were approved by the PWA, except for the months of July and August. We do not know what the bills for these two months were. Plaintiff could not give an estimate of the items of expense when asked to do so. He stated that the bills were based on the mileage traveled, and they were submitted to the PWA for approval and to the school board for payment; that each was a detailed bill and was furnished PWA. But no such bills were produced so that the court might determine their correctness.

Then to make these statements more confusing, we find on the statement of account annexed to the petition where plaintiff gives the school board credit for payments, none of which show any dates, from which it appears that the school board paid a certain amount on plans and specifications and traveling expenses to January, 1935; and at another time paid a certain amount for supervision and traveling expenses approved by the state engineer; at another time paid from PWA funds a certain amount for supervision, not including traveling expenses for March, April, and May, 1935; and another payment of $171 from PWA funds upon approval of the state engineer "for traveling expenses."

With this confusion and uncertainty in the record we are unable to determine what amount, if any, has been paid on traveling expenses, the nature of the various charges, and the balance due therefor. We are therefore constrained to enter a nonsuit on these two items also.

Plaintiff has proved two items; viz., $2,893.61, being 10 per cent. of the total cost of the work, and $250 for the revision of the plans and specifications, making a total of $3,143.61. Plaintiff does not deny that the school board has paid him a total of $3,162.47, which makes an overpayment of $18.86.

For the reasons assigned, it is ordered that the judgment appealed from be amended by dismissing the following items of plaintiff's claim as in case of nonsuit; viz., the item of $300 for drawing plans and specifications for the heating and plumbing system; the item of $450 for traveling expenses from February, 1932, to January, 1935; and the item of $402.20 for traveling expenses from February, to August, 1935, inclusive; that the judgment on the reconventional demand in favor of defendant and against the plaintiff in the sum of $294.27 be and the same is hereby reduced to the sum of $18.86, and in all other respects the said judgment is affirmed; cost of the appeal to be paid by the defendant school board, and all other cost to be paid by the plaintiff.