O’NIELL, Chief Justice.
 

 The plaintiff, who is an architect, sued the parish school board for $1,465.31, claimed as the balance due for professional services rendered in the remodeling and enlarging of a school building. The defendant set up a reconventional demand for $294.27, alleging that, by error, the plaintiff was paid $3,162.47 when in fact he was entitled to only $2,868.20 under the terms of the contract of employment, and hence that by reason of the error the plaintiff was overpaid to the extent of $294.27. The district court rejected the plaintiff’s demand and gave judgment against him for the amount of the defendant’s reconventional demand. The plaintiff appealed to the Court of Appeal, and that court reduced the amount of the judgment against him from $294.27 to $18.86, and in other respects affirmed the judgment. See Burk v. Livingston Parish School Board, 180 So. 246. This court issued a writ of review on the petition of the plaintiff.
 

 The suit is founded upon a written contract and upon an itemized account which is made a part of the plaintiff’s petition. On the account the plaintiff charged a commission of 6 per cent on a rejected bid of $32,565, and a commission of 4 per cent on the actual cost of the work, $28,-936.12. The amount of the commission claimed was therefore $3,111.34. The Court of Appeal found that, by the terms of the contract, the plaintiff was entitled to a commission of $2,893.61, being 10 per cent of the actual cost of the work, and not 6 per cent of the rejected bid plus 4 per cent of the actual cost. The contract plain
 
 *367
 
 Iy provides for a commission or “fee of ten (10) per cent of the cost of the work”, and “the cost of the work” is defined in the printed form of the contract as “the cost to the owner”. According to the testimony of the plaintiff his claim of 6 per cent of the estimated cost plus 4 per cent of the actual cost of the work is based upon what he declares to be the custom of the profession, and upon his interpretation of the contract. We concur in the interpretation which the Court of Appeal has given to the contract, and in the ruling that the terms of the contract must prevail over any custom of the profession.
 

 The Court of Appeal rejected a charge of $300 for making plans and specifications for a heating and plumbing system. It appears that these plans and specifications were included in the original plans and specifications for the remodeling and enlarging of the building, which were not used, because the plans were afterwards revised and the. provision for a new heating and plumbing system was omitted. The Court of Appeal found that the contract did not provide for an additional fee of $300 for the plans and specifications for a heating and plumbing system, over and above the fee of 10 per cent of the actual cost of the remodeling and enlarging of the building. The Court of Appeal observed thát the plaintiff, in his testimony, indicated that his claim for the $300 might be based upon some other agreement with the school board; hence the court merely gave a judgment of nonsuit as to this claim, instead of rejecting it finally. We concur'in the court’s finding that the claim is not supported by the contract.
 

 The only other items that the Court of Appeal refused to allow, on the account sued on, were, first, $450 for “Traveling expense from February 1932 to January ’35”, and, second, $402.20 for “Traveling expense approved by PWA for February, March, April, May, June, July and August, 1935.” The court did not reject these claims finally, but merely entered a judgment of nonsuit, because the court considered the proof not sufficient to support the claims. The ruling of the Court of Ap.peal in that respect was the main reason— if not the only reason — why we granted a writ of review in this case. There was no contradiction of the plaintiff’s testimony that the account was correct as to these two charges for traveling expenses. Hence we saw no reason in law why the claims should not have been allowed by the court. In the defendant’s answer to the suit, the only complaint against. these two charges, —$450 and $402.20 for traveling expenses, —was that the contract did not oblige the school board to pay the architect’s traveling expenses. The Court of Appeal found that the contract did provide that the school board should reimburse the architect for his and his assistants’ traveling expenses incurred in the discharge of their duties in connection with the work. The contract does so provide. The school board did not, either in the-answer to the suit or on the trial of the case, dispute that the two items on the account sued on, for traveling expenses, were .correct, and constituted an
 
 *369
 
 obligation of the school board if the contract obliged the board to pay the architect’s traveling expenses. Not only was there no dispute about the amount charged by the architect for traveling expenses, but the record discloses the fact — and it is not disputed — that the invoices which the architect rendered from time to time during the progress of the work, and which invoices were paid by the school board, included the architect’s traveling expenses. For example, the first payment made by the school board, amounting to $1,936, was said to be paid “on plans and specifications to date and including traveling expenses to January, 1935.” The next payment, being $373.58, was said to be “for supervision and traveling expenses approved by State Engineer.” The next payment was of $377.89, said to be “Paid from PWA funds upon approval of State Engineer, for supervision, not including traveling expenses-for March, April and May, 1935.” The inference, therefore, is that the payment did include the traveling expenses for the four other months, as charged on the account, namely, February, June, July and August, 1935. The next payment was $171, said to .be “Paid from PWA funds upon approval of State Engineer for traveling expenses.” The last invoice which was paid by the school board, and which amounted to $205, was said to be “for plans and specification's”, and did not include any traveling expenses; from which it may be inferred that all of the traveling expenses had been included in the previous invoices, which the school board had paid. Our conclusion, therefore, is that the Court of Appeal erred in the ruling that the testimony of the architect, that his charges for traveling expenses were true and correct, needed corrobor-ation, in order to support a judgment for the amount charged.
 

 Allowing the two' claims for traveling expenses, amounting to $852.20, the plaintiff is entitled to a judgment for the amount of the difference between that sum and the $18.86 for which the Court of Appeal gave judgment against him; that is to say, he is entitled to a judgment for $833.34. These figures check with the record, and with the published opinion of the Court of Appeal, thus:
 

 Commission due to the architect $2,893.61
 

 Cost of revising plans and specifications .................... 250.00
 

 Traveling expenses from February, 1932, to January, 1935____ 450.00
 

 Traveling expenses approved by PWA for February, March, April, May, June, July and August, 1935 ................... 402.20
 

 $3,995.81
 

 Amount of invoices paid by school board ...................... $3,162.47
 

 Balance due to the architect.....$ 833.34
 

 In his petition .the plaintiff claims legal interest from August 31, 1935. That was the day on which his final account was rendered, and on which he made demand for payment. As the indebtedness was then past due the plaintiff is entitled to the interest from that date.
 

 The judgment rendered against the plaintiff on the defendant’s reconventional demand is annulled and set aside, and it is
 
 *371
 
 now ordered, adjudged and decreed that the plaintiff, William R. Burk, shall recover of and from the defendant, Livingston Parish School Board, the sum of eight hundred and thirty-three dollars and thirty-four cents ($833.34), with interest thereon at the rate of five per cent (5%) per annum from August 31, 1935. The judgment of nonsuit on the plaintiff’s claim for $300 for plans and specifications for the heating and plumbing system is affirmed. The defendant, school board, is to pay all of the costs of this suit.