**CORROSION RECTIFYING COMPANY,**
Plaintiff,

v.

**FREEPORT SULPHUR COMPANY,**
Defendant.

**Civ. A. No. 13313.**

United States District Court
S. D. Texas,
Houston Division.

July 31, 1961.

**292**

Bracewell, Reynolds & Patterson, William Key Wilde, Houston, Tex., for plaintiff.

Andrews, Kurth, Campbell & Jones, Richard F. Bergner, Houston, Tex., for defendant.

INGRAHAM, District Judge.

This controversy concerns repairs by plaintiff Corrosion Rectifying Company on the Grand Island Mine artificial islands of defendant Freeport Sulphur Company, located some seven miles off the Louisiana coast. Negotiations for repairs and performance thereof occurred on these islands. A jury verdict awards plaintiff $13,579.37 for repairs. Two issues remain: (1) plaintiff's request for allowance of its attorney's fee; and (2) amount of interest and time of its commencement. I find that a reasonable attorney's fee for plaintiff would be $2,500. Claiming Texas law governs attorney's fee here, plaintiff relies upon Article 2226, Vernon's Civil Statutes of Texas.[1] Article 2226 plainly allows such fee in these circumstances. Its applicability is, however, disputed. Defendant claims Louisiana law governs attorney's fee here. Defendant says Louisiana law does not allow such fee in these premises.

■■■ Despite argument by defendant to the contrary, the court believes this to be a diversity case. As such, substantive matters are governed by Texas law. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. This issue of attorney's fee appears "substantive" for Erie purposes. Crescent Lumber & Shingle Co. v. J. C. Rotherum Lumber Co., 5 Cir., 1955, 218 F.2d 638. This reference to Texas law includes its conflict of laws rules as well as other laws. Klaxon Co. v. Stentor Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Our next concern is whether under Texas conflict rules attorneys' fees are characterized as "substantive" or "procedural" for choice of law purposes. If Texas labels them "procedural", the law of the Texas forum governs. If Texas terms them "substantive", reference must be made to the law of the place where the substantive rights involved accrued. This characterization process is analyzed on similar facts in Stokes v. Reeves, 9 Cir., 1957, 245 F.2d 700. Texas authorities and other cases clearly hold the issue of attorneys' fees to be one of substantive rights governed by the law of the state where the substantive rights in litigation accrued. Stokes v. Reeves, supra; Thompson v. H. Rouw Co., Tex.Civ.App. 1951, 237 S.W.2d 662; Meaders v. Biskamp, 1958, 1159 Tex. 79, 316 S.W.2d 75; Prudential Ins. Co. of America v. Carlson, 10 Cir., 1942, 126 F.2d 607.

At various times Texas courts have used all the standard tests for choosing law to govern contracts (contract or account rights being the substantive rights accrued herein). Thus, case law in Texas cites the place of making the contract as controlling, place of performance as controlling, or that law intended by the parties to govern as controlling. King v. Bruce, 1947, 145 Tex. 647, 201 S.W.2d 803; Grace v. Orkin Exterminating Co., Tex.Civ.App.1947, 255 S.W.2d 279. A general discussion of Texas rules governing contract rights is found in 12 Tex. Jur.2d, Conflicts of Laws, Secs. 9–12 (2d Ed. 1960). Regardless of theory applied, substantive law other than Texas controls here. This repairs contract was neither made nor performed in Texas. Nothing indicates parties' intention that Texas law govern.

■■■ This repairs agreement was both made and performed on the artificial

---

1. Article 2226 provides:
"Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished * * * may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

islands of defendant seven miles off the coast of Louisiana. Texas conflict rules lead unerringly there. These islands or artificial structures are not within Louisiana waters. These are, however, within the territory governed by the Outer Continental Shelf Lands Act, which Act provides in 43 U.S.C.A. § 1333(2):

"To the extent that they are applicable and not inconsistent with this Act or with other federal laws * * * civil and criminal laws of each adjacent state * * * are [hereby] declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf * * * *".

The "adjacent state" within Section 1333(2) is Louisiana. Authority on Section 1333(2) is nearly non-existent. A recent opinion by our Court of Appeals furnishes a hint that Section 1333(2) makes Louisiana law controlling here. Guess v. Read, 5 Cir., 290 F.2d 622. That case certainly lends no more than a "hint" though. Finding no conflict between Section 1333(2) and "other Federal laws" in these circumstances, the court believes this section makes applicable Louisiana law as to allowance of attorneys' fees.

■ The controlling Louisiana law is quite clear as to allowance of attorneys' fees upon these facts. A successful litigant cannot recover such fees as an element of damages unless a contract or statute so provides. In Chauvin v. LaHitte, 1956, 229 La. 94, 85 So.2d 43 (rescission of auto sales contract), the Supreme Court of Louisiana commented at 85 So. 2d 45, "On numerous occasions this court has said that ordinarily attorney's fees are not assessable as an item of damages unless provided for by law or by contract." Winkler v. Ascension Bank & Trust Co., 1935, 182 La. 69, 161 So. 23 (suit on mortgage notes); Brentley v.

Tugwell, 1953, 223 La. 763, 66 So.2d 800 (action on check). The repairs agreement in suit did not provide for attorney's fee. No Louisiana statute of the Art. 2226 variety has been found. Dissolution of conservatory writs which furnishes yet another exception in Louisiana is not present. Griffin v. Bank of Abbeville & Trust Co., 1955, 228 La. 857, 84 So.2d 437 (dissolution of conservatory writ). Louisiana law denies allowance of plaintiff's attorney's fee.

I turn to the interest problem. Plaintiff again relies upon Texas law, citing particularly Article 5070, Vernon's Civil Statutes of Texas:

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent per annum shall be allowed * * * on all open accounts, from the first day of January after the same are made."

Defendant again argues Louisiana law must govern for the same reasons such law controlled attorneys' fees. Defendant contends plaintiff's claim is predicated upon quantum meruit, and Louisiana law considers such unliquidated until reduced to judgment. Such unliquidated claims are said to garner interest only from the date of judgment and at five per cent. Plaintiff interprets Louisiana law as allowing interest either from date on its invoices or date of judicial demand.

■ I am satisfied Louisiana law must govern interest. Texas considers interest damages a "substantive" matter controlled by law of state where cause of action arose. For example, Texas courts will apply Mexican interest rules to a contract or account made in Mexico. Pauska v. Daus, 1868, 31 Tex. 67, 68; 75 A.L.R.2d 540 (1961). "A question of damages pertains to the right, not to the remedy and is not governed by the law of the forum." 12 Tex.Jur.2d, Conflicts of Laws, Sec. 14 (2d Ed. 1960).

■ The parties agree the applicable interest rate under Louisiana law is five per cent per annum. They disagree as to commencement date of interest. After

examining numerous Louisiana cases on the issue, the court agrees with this comment in 7 LSA–C.C. p. 302 as to LSA–C.C. Art. 1938,[2] the basic statute:

"The application of the rule of Articles 1938 of the Civil Code and 554 of the Code of Practice has proved difficult in many cases, and is marked by inconsistencies and, at times, complete indifference to the obvious meaning of the provision."

Louisiana case law leads me finally to conclude: where the sum demanded is unliquidated and not readily ascertainable, such as by easy computation or by reference to market values or the like, interest can be allowed from date of judgment only. Sugar Field Oil Co. v. Carter, 1949, 214 La. 586, 38 So.2d 249, latest Louisiana pronouncement, so held in a quantum meruit suit for services by a real estate broker. The Supreme Court of Louisiana said in 38 So.2d at pages 251–252:

"The recovery in this suit is predicated on quantum meruit. It is, therefore, an unliquidated claim. * * * In this suit the district

judge correctly allowed interest from the date of judgment. On that date the claim had become certain and liquidated by reason of the judgment. * * *

" * * * It has become the general practice of this Court to permit the allowance of interest from the date of judgment upon the principle that the judgment itself makes the claim a liquidated one."

"Interest is not allowable on an unliquidated demand upon an implied contract." Connette v. Wright, 1924, 154 La. 1081, 98 So. 674, 677.[3]

 Like Carter, supra, this suit, *though in form contract, is quantum meruit in theory.* Plaintiff's repair claim was unliquidated until jury verdict. Under controlling Louisiana law interest will be allowed plaintiff at five per cent per annum from the date of judgment only.

Judgment, entered herewith, is for $13,579.37, plus interest thereon from date of judgment at five per cent per annum.

---

2. LSA–C.C. Art. 1938:
"All debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated."

3. Two cases cited by plaintiff apparently conflict with this result. If there was no agreement as to fee between parties, Carey v. Sentell, La.App.1953, 64 So. 2d 451, seems to allow interest from date plaintiff's bill was presented. Similarly, Friede v. Myles Salt Co., La.App.1937, 177 So. 105, makes no distinction between liquidated and unliquidated claims as to commencement of interest. Plaintiff's *other* cases are distinguishable as follows: (1) Grosz v. Baton Rouge Realty Co., La.App.1944, 17 So.2d 63, interest allowed from date account ren-

dered, sum demanded readily ascertainable by reference to contract; (2) Burk v. Livingston Parish School Board, 1938, 191 La. 364, 185 So. 284, same as Grosz, supra in No. 1; (3) Interstate Trust & Banking Co. v. Laplace, 1924, 156 La. 403, 100 So. 544, interest allowed on judicial demand, sum demanded readily ascertainable by reference to contract; (4) Board of Levee Com'rs of Orleans Levee Dist. v. Hulse, 1929, 167 La. 896, 120 So. 589, same as Laplace, supra in No. 3; (5) Silberberg v. Kalil & Mickal, 1925, 159 La. 560, 105 So. 620, interest allowed on judicial demand, liquidated claim; and (6) Three Rivers Hardwood Lumber Co. v. Gibson, La.App.1938, 181 So. 607, same as Kalil & Mickal, supra in No. 5.