

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 29, 1962

Miss Edna Cisneros
County Attorney
Willacy County
Raymondville, Texas

Opinion No. WW-1291

Re: Whether a defendant, after
indictment is returned and
before trial on the merits,
is entitled to take deposi-
tions when the witnesses
are neither non-residents,
non-residents temporarily
within the State, aged or
infirm and related ques-
tions.

Dear Miss Cisneros:

You have requested an opinion from this office on cer-
tain questions pertaining to whether the defendant in a criminal
action is entitled to take the depositions of certain witnesses
for the State. In this connection you set forth the pertinent
facts as follows:

"Defendant was arrested, bond set by the magis-
trate, and defendant released on bail. No efforts
were made to have an examination before the magis-
trate; the grand jury convened thereafter and re-
turned a true bill of indictment on the defendant,
and the case has been set for trial by the District
Court. Defendant filed a notice of intention to
take the oral depositions of certain state's wit-
nesses, in this case, the main state witnesses, all
of whom reside in this county and none of whom are
aged or infirm. No affidavit stating facts were
necessary to constitute good reason to take such
deposition has been filed."

Pursuant to this fact situation you have posed two
questions--the first of which is set forth as follows:

"Is a defendant, after indictment is returned,
and before trial on the merits, entitled to take
depositions, oral or with written interrogatories,
when the witnesses are neither non-residents, non-
residents temporarily within the state, aged, or in-
firm?

Article 734, Vernon's Code of Criminal Procedure, provides that:

"When an examination takes place in a criminal action before a magistrate, the defendant may have the deposition of any witness taken by any officer or officers named in this chapter. . . ."

Article 735, Vernon's Code of Criminal Procedure, provides that:

"Depositions of witnesses may also, at the request of the defendant, be taken when the witness resides out of the State, or when the witness is aged and infirm."

Article 738, Vernon's Code of Criminal Procedure, provides that:

"The deposition of a non-resident witness who may be temporarily within the State, may be taken under the same rules which apply to the taking of depositions of other witnesses in the State."

Article 741, Vernon's Code of Criminal Procedure, provides that:

"When the defendant desires to take the deposition of a witness at any other time than before the examining court, he shall by himself or counsel file with the clerk of the court in which the case is pending an affidavit stating the facts necessary to constitute a good reason for taking the same; and also state in his affidavit that he has no other witness whose attendance on the trial can be procured by whom he can prove the facts he desires to establish by the deposition."

A study of the foregoing statutes reveals the instances in which the defendant in a criminal action may obtain the depositions of witnesses. Pursuant to the provisions of Article 734, the defendant may obtain the deposition of any witness he so desires before the examining court. However, should the defendant desire to obtain the deposition of a witness at any time other than before the examining court, the provisions of Article 741 must be complied with. In this connection, Article 741 provides that for the defendant to take the deposition of a witness at a time other than before the examining court it is necessary that the defendant or his counsel file an affidavit stating the necessary facts to constitute a good reason for taking such deposition. In turn, Article 735 and Article 738 set forth grounds constituting the reasons for allowing depositions pursuant to Article 741.

Insofar as the type of deposition which can be taken of a witness, either oral or by written interrogatories, we are of the opinion that by virtue of the provisions of Article 742, Vernon's Code of Criminal Procedure, the depositions taken pursuant to Article 741 may only be taken by written interrogatories. Article 742 is set forth as follows:

> "In cases arising under the preceding article, written interrogatories shall be filed with the clerk of the court, and a copy of the same served on the proper attorney for the State the length of time required for service of interrogatories in civil actions." (Emphasis added)

However, as to the depositions taken pursuant to Article 734, during the course of the examining trial, there is apparently no objection to the deposition being taken orally rather than by written interrogatories.

In connection with the same fact situation set forth heretofore, you have posed the further question of:

> "Is such a defendant entitled to a commission to take depositions without complying with Article 741 CCP?"

In the case of Barton v. State, 215 S.W. 968 (Tex.Crim. 1919), the court in commenting upon the affidavit required under Article 824, the present Article 741, stated that:

> "The law required this affidavit to be made as a predicate for the issuance by the clerk of notice to the adverse parties, and the issuance of commissions." (Emphasis added)

In view of the holding in Barton v. State we are of the opinion that your second question, under the facts posed, should be answered in the negative.

### SUMMARY

Under the facts stated, the defendant in a criminal action would not be entitled to take depositions, either oral or by written interrogatories when the witnesses are neither aged, infirm or non-residents of the State.

Under the facts stated, the defendant in a criminal action would not be entitled to a commission to take depositions without first complying with the provisions of Article 741, Vernon's Code of Criminal Procedure.

Sincerely yours,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Pat Bailey
Assistant

PB:jkr:wb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Norman Suarez
Harry Hewell
Grady Chandler

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.