## TRUE ABLES V. THE STATE.

### No. 9915.  Delivered March 10, 1926.

1.—Rape—Charge of Court—Verbal Instructions—Erroneous.

Where, on a trial for rape, the court, after the jury had been impaneled and sworn, as they were about to retire at noon in the custody of the sheriff, instructed them orally, "You must not separate during the trial of this case. If you separate your verdict will be a nullity and I will have to set it aside, and give the defendant a new trial, and what you have rendered in this case will be void." Such instruction

was erroneous, as it was calculated to impress the jury that the court expected them to convict the appellant.

**2.—Same—Continued.**

In Art. 740, Vernon's Tex. Crim. Stats., Vol. 2, verbal instructions to a jury are forbidden; and in Art. 787 of the same volume remarks of the trial judge, which convey to the jury his opinion of the case, are also forbidden, and the instructions in the instant case may have been construed by the jury as indicative that the trial judge entertained an opinion adverse to appellant's case. Following Mahaney v. State, 254 S. W. 948, and Johnson v. State, 67 Tex. Crim. Rep. 441.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, judge.

Appeal from a conviction of rape. Penalty nine years in the penitentiary.

The opinion states the case.

*J. Lee Cearle* of Cisco, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry Jr.*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape by carnal knowledge of a female under the age of eighteen years; punishment fixed at confinement in the penitentiary for a period of nine years.

The prosecutrix testified that the act of intercourse took place; that she was seventeen and one-half years of age at the time.

There was testimony attacking her previous chaste character and that issue was submitted to the jury.

Bills of exception No. 2 and 3, as qualified, present no error.

Bill No. 1 reveals that after the jury had been impaneled and sworn, and as they were about to retire from the court room at noon in custody of the sheriff, the court instructed them thus:

"Gentlemen of the Jury: You must not separate during the trial of this case. If you separate, your verdict will be a nullity, and void, and I will have to set it aside, and give the defendant a new trial, and what you have rendered in this case will be void."

In qualifying the bill the court said:

"The extract quoted in the bill of exceptions from the instructions of the court to the jury immediately after they were impaneled as to their conduct while deliberating

on the case is correct in so far as it goes, but in that connection the jury were first instructed by the court to try the case under the law and the evidence alone and to be guided thereby alone in arriving at a verdict and to permit no communications to influence them from the outside and to not discuss the case among themselves until they had heard it all, including the charge of the court and argument of counsel. And the jury were further instructed in that connection to the effect that if they should convict the defendant the verdict would have to be set aside if the, instructions were violated by them."

In Art. 740, Vernon's Tex. Crim, Stat., Vol. 2, verbal instructions to the jury in a felony case are forbidden; and in Art. 787 of the same volume, remarks of the trial judge which convey to the jury his opinion of the case are also forbidden. The application of these statutes have been under discussion many times. In the recent case of Mahaney v. State, 254 S. W. Rep. 948, the court gave this instruction:

"Gentlemen of the Jury: You must not separate, and you must stay together. The Court of Criminal Appeals has held that you must stay together, and unless you do the court will have to give a new trial."

Touching the above the following remarks were made by this court:

"The inhibition against a verbal charge is not violated by a verbal admonition to the jury to the effect that the law forbids a separation before verdict. It is feared that in the instant case the learned trial judge, in admonishing the jury, made an unhappy choice of language. One with the intelligence and information which is supposed to characterize a juror acceptable to both the state and appellant would know that it was only in case of a verdict of guilty that a new trial could be granted. The remark of the court that, if they separated, he would have to grant a new trial, was at least susceptible of the interpretation by the jury, that in the opinion of the court, the verdict would be 'guilty'." (Mahaney v. State, supra.)

It is believed in the present case that the language of the court used in admonishing the jury against separation is not well chosen and that it may have been construed by the jury as indicative that the trial judge entertained an opinion adverse to the appellant's case. The verdict was much above the minimum, and in the light of the evidence in the case,

we deem it out of duty to order a reversal of the case because of the reasons mentioned. This is in accord with the ruling of this court in Johnson's case, 67 Texas Crim. Rep. 441; 149 S. W. Rep. 955 and we think is in consonance with the letter and spirit of the statutes mentioned. The judgment is reversed and the cause remanded.

*Reversed and remanded.*