### J. L. FAUBION V. THE STATE.

No. 9552. Delivered April 14th, 1926.

**False Swearing—Notary Public—Qualifications Of.**

Where the affidavit upon which false swearing is predicated, is shown to have been made before a purported notary public, who in law was not a duly qualified notary, such affidavit would not be sufficient to constitute false swearing, under the laws of this state, and being so in this case it necessitates a reversal.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for false swearing, penalty five years in the penitentiary.

The opinion states the case.

*Umphries, Mood & Clayton* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is false swearing, and the punishment is five years in the penitentiary.

The point is made by the appellant that the notary public, Miss Frankie Gober, who took appellant's affidavit to the instrument on which the charge of false swearing is predicated, was not a duly qualified notary public. The record shows that on the 1st day of June, A. D. 1923, the Governor of Texas issued a commission to Miss Gober, wherein she was appointed to the office of notary public. The record further discloses that she did not take the oath of office and did not make bond until January 24, 1924.

She testifies that she did not receive a notice from the county clerk of Potter County that she had been appointed a notary public in 1923, but that she knew her name had been sent in requesting an appointment and the first time she knew her name had been approved as a notary public was the latter part of October, 1923, when she picked up an old newspaper and found a list of the notaries. That in December, 1923, after she had seen this newspaper in the latter part of October, 1923, she started back to work and thereafter had some correspondence with the Secretary of State and stated to him why she did not qualify in 1923. That she later received a letter from the Secretary of State telling her to take the letter as authority to the county clerk of Potter County and he would qualify her as a notary public. That thereafter she came over to the county clerk's office and on the 24th of January, 1924, executed the bond and took the oath of office.

The statutes bearing on the appointment of notaries public are:

Art. 6002 of Vernon's Complete Statutes, which provides that there shall be appointed by the Governor, by and with the advice and consent of the Senate, a convenient number of notaries public for each organized county, who shall hold their office for the term of two years from the first day of June after appointment

at a regular session of the Legislature. Said article further provides that the Governor, by and with the advice and consent of the Senate, may appoint additional notaries public at any special session of the Legislature, who shall hold their office until the first day of June succeeding the next regular session of the Legislature after their appointment.

. Article 6003, supra, provides that every person who may be appointed a notary public, before he enters on the duties of his office, shall execute a bond, with two or more good and sufficient sureties, to be approved by the clerk of the county court of his county, and also provides that he shall subscribe to the constitutional oath of office.

Article 6015, supra, provides that when a notary is appointed, the Secretary of State shall forward the commission to the clerk of the county court of the county where the party resides, and the said clerk shall immediately notify said party to appear before him within ten days, pay for his commission, and qualify according to law, provided that, if said party be absent from the county, or sick at the time of reception of said commission by the clerk, then he shall have ten days from his return to said county in which to appear and qualify.

Article 6016, supra, provides that the clerk receiving the commission shall indorse thereon the day on which notice was given, and, if the party pay the State fee for commission and qualify according to law, the said clerk shall notify the Secretary of State of his qualification, giving date of same, and remit the fee to said officer; but if the party fails to qualify and pay the fee within the limited time the appointment shall be void, and the clerk shall certify on the back of the commission that the party has failed to qualify, and return it to the Secretary of State.

Under the well known rules of law this court must presume that an officer performs his statutory duty unless the contrary appears; and following this rule, we necessarily conclude that when Miss Gober was appointed on June 1, 1923, the Secretary of State forwarded her commission to the clerk of the county court of the county where she resided. The record discloses that if this was done she did not qualify by taking the oath and making the bond within the time prescribed by law. There is no suggestion in the record that at such time she was absent from the county or that she was sick. The record affirmatively shows she did not qualify for more than two months after she had actual notice of her appointment. On her failure to qualify within said time prescribed by the statute, the appointment

became a nullity and if the county clerk performed his statutory duty he certified on the back of the commission the party's failure to qualify and returned it to the Secretary of State and according to the express terms of the statute the appointment became void.

There are no facts in the record supporting the theory that she was a de facto officer because there is utterly lacking the evidence of a valid appointment at the time she undertook to act. By the terms of the statute itself at the time she gave bond and took the oath her appointment under which she attempted to act was void, a nullity and of no more force than if it had never been issued. When this appointment became void nothing that she did or attempted to do could in any manner resuscitate it. She acted without color of a valid appointment and her act in attempting to take the affidavit in question was without authority of law and void.

The record showing that the party taking the affidavit was without authority to do so, false swearing cannot be predicated on the.alleged false affidavit. From what has been said, it follows that the judgment must be reversed and the cause

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.