RAYMOND STEWART V. THE STATE.

No. 15618.   Delivered March 22, 1933.
Reported in 58 S. W. (2d) 519.

The opinion states the case.

*R. H. Ratliff* and *L. W. Sandusky,* both of Colorado, Texas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, selling intoxicating liquor; the punishment, 2 years in the penitentiary.

The purchaser named in the indictment testified that he purchased intoxicating liquor from the appellant for which he paid him $5. Appellant's defense was that of an alibi.

By bill of exception No. 1, appellant complains of the refusal of the trial court to quash the indictment, and alleged in said motion that said indictment was void, not having been passed upon by a grand jury of twelve men duly qualified as required by the Constitution of Texas under article 6, section 2, as well as article 5, section 13 of said Constitution, in that the purported grand jury who deliberated upon and undertook to return the indictment in this case was constituted of only nine qualified men to sit and act and return the indictment, in that three of said grand jurors, including the foreman, were not qualified to act as jurors, in that they were subject to and failed to pay their poll tax prior to February 1, 1931; furthermore, that there was more than 500 men in said Mitchell county, Texas, who had paid their poll tax for the year 1931, and that this was his first opportunity to present this motion, as he was out of the county and had no knowledge or any reason to believe that he would be indicted, and was not present when the grand jury was selected and sworn in as such. The motion was overruled.

It appears from the record in the case that no evidence was heard upon said motion, but the bill of exception shows that the district attorney admitted and agreed to the following agreement: "It is agreed by and between counsel for state and the defendant that three of the twelve jurors who returned this indictment against Raymond Stewart, No. 2628, in the District Court of Mitchell County, Texas, had not paid their poll taxes for the year 1931, such bill of indictment returned in the case at bar was not signed individually by 9 jurors of the grand jury, but only by the foreman who had not paid his poll tax, and for the year 1931 there was at least 500 men in Mitchell County, Texas, who had paid their poll taxes and qualified to act as grand jurors as having paid their poll taxes."

In support of appellant's contention, we are referred to article 354, C. C. P., which provides: "In trying the qualifications of any person to serve as a grand juror, he shall be asked: 1. Are you a citizen of this state and county, and qualified to vote in this county, under the Constitution and laws of this state?" Appellant also refers us to article 339 of the Code of Criminal Procedure, which specifies the qualification of a grand juror as follows: "He must be a citizen of the state, and of the county in which he is to serve, and qualified under the Constitution and laws to vote in said county; but, whenever it shall be made to appear to the court that the requisite number of jurors who have paid their poll taxes can not be found within

the county, the court shall not regard the payment of poll taxes as a qualification for service as a juror."

There was no contention in appellant's motion or otherwise in the record that any of the three members who had not paid their poll taxes were otherwise disqualified to serve as grand jurors. Section 2, article 6 of the Texas Constitution provides in substance that, in order for a person to be a qualified voter, every person subject to paying a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this state, but leaves it to the legislature to decide who shall be subject to the payment of a poll tax. By article 2959, Revised Civil Statutes, 1925, the legislature provides who shall be liable to pay a poll tax. By article 2960, Revised Civil Statutes, 1925, it is provided that every person who is more than 60 years old or who is blind or deaf or dumb or is permanently disabled or has lost one hand or foot shall be entitled to vote without being required to pay a poll tax if he has obtained a certificate of exemption from the county tax collector when the same is required by the provisions of this title.

If a voter otherwise qualified is exempt under the law from paying a poll tax, and does not live in a city of ten thousand inhabitants or more, he would not be required to obtain an exemption certificate under article 2955, Revised Civil Statutes, 1925. See, also, Huff v. Duffield, 251 S. W., 298. It will be seen, therefore, that a person might be a qualified voter though his name might not appear on the poll tax or exemption list.

There is an entire absence of any proof in the record that the three grand jurors who presented this indictment were subject to the payment of a poll tax. As we understand the contention of the appellant, it is to the effect that, when it was admitted by the state that the three grand jurors named had not obtained a poll tax, the burden of proof was on the state to show that they came under the exemptions of those who are not required to pay a poll tax. Under well established rules of law, this court must presume that an officer performed his statutory duties, unless the contrary appears, and, in the absence of any showing that the grand jurors, who appellant contends were not qualified to serve as grand jurors, were in fact not qualified voters, notwithstanding that they had not obtained their poll tax, we must presume that the jury commissioners who selected them found them to be qualified voters before they were drawn, and that the trial court found them to be such before he impaneled them as grand jurors. See Texas Juris.,

vol. 18, sec. 10; Faubion v. State, 104 Texas Crim. Rep., 78, 282 S. W., 597; Barton v. State, 86 Texas Crim. Rep., 198, 215 S. W., 968.

Several bills of exception were reserved to the argument of the state's attorney. The bills prepared are meager in presenting the connection in which said statements were made, and we are not able to discern from them that error was committed. One of said bills shows that the court sustained the appellant's objection to one of the statements complained of. It is not every improper argument that will require a reversal of the case for the failure of counsel to confine himself to the record. It must be made to appear from the record that it was of such character that injury would result to defendant by reason thereof. This the bills fail to show, and it does not appear that the remarks were of a material character and such as under the circumstances were calculated to injuriously affect the rights of the appellant. See Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W., 52; Himmelfarb v. State, 76 Texas Crim. Rep., 173, 174 S. W., 586; Pierson v. State, 18 Texas App., 524.

The sentence adjudges the appellant to be confined in the penitentiary for two years. Giving application to the provisions of the Indeterminate Sentence Law (C. C. P., 1925, art. 775, as amended by Acts 42nd Legislature, 1931, c. 207, sec. 1; Vernon's Ann. C. C. P., art. 775), the sentence is reformed so that it may be shown that appellant is adjudged to be confined in the penitentiary for an indeterminate period of not less than one year nor more than two years .

As reformed, no reversible error appearing, the judgment is affirmed.

*Judgment reformed, and, as so reformed, affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.