B. R. SHEFFIELD V. STATE

No. 28,776. April 24, 1957.
State's Motion for Rehearing Overruled June 19, 1957.
State's Second Motion for Rehearing Overruled November 6, 1957.
State's Third Motion for Rehearing Overruled
(Without Written Opinion) December 4, 1957.

W. D. Benson, Jr., Robert Howard, Lubbock, Looney, Clark & Moorhead (Everett L. Looney, R. Dean Moorhead, and Mary Joe Carroll), Austin, for appellant

Les Proctor, District Attorney, David S. McAngus, Assistant District Attorney, Leon Douglas, State's Attorney, and Will Wilson, Attorney General and Robert O. Smith, Assistant Attorney General, all of Austin, for the state.

DICE, Judge.

Appellant was convicted of passing and uttering a forged instrument in writing relating to and affecting title to land, and his punishment assessed at confinement in the penitentiary for ten years.

The prosecution and conviction is under Article 1008 of Title 14, Ch. 2, Vernon's Ann. P.C., Acts of 1876, Fifteenth Legislature, Page 59 et seq., which provides, in part, as follows:

"Every person who knowingly utters, publishes, passes, or uses, or who in any way aids, assists in or advises the uttering, publishing, passing or using as true and genuine any false, forged, altered, or counterfeited certificate, * * * acknowledgment or proof for record or certificate of record belonging to or pertaining to any instrument or paper, or any evidence of any right, title or claim of any character whatsoever, or any instrument in writing, document, paper, memorandum or file, or any official or private seal, or any scroll, mark, date, or signature in any way relating to, or having any connection with land, or any interest in land in this State, with the intent mentioned in article 1006 of this chapter, or with any other fraudulent intent whatsoever, shall be deemed guilty and be punished in like manner as is provided in article 1006 of this chapter. * * *" (sic.)

Article 1006, V.A.P.C. provides in part as follows:

"Every person who falsely makes, alters, forges * * * or causes or procures to be falsely made, altered, forged * * * any * * * acknowledgment * * * in relation to or affecting lands, or any interest in lands in this State, with the intent to make money or other valuable thing thereby * * * shall be deemed guilty of

forgery and be punished by imprisonment in the State Penitentiary at hard labor not less than five nor more than twenty years."

Article 1007 V.A.P.C. provides in part:

"If any person authorized by law to take the proof of acknowledgment of any instrument, document or paper whatsoever, affecting or relating to the title of lands in this State, wilfully and falsely certify that such proof or acknowledgment was duly made, * * * he shall be deemed guilty of forgery and punished as provided in article 1006 of this chapter."

We shall first consider appellant's contention that, the allegations of the indictment are insufficient to charge the offense of uttering and passing a forged instrument.

The second count of the indictment, under which appellant stands convicted, charged in part as follows:

"AND THE GRAND JURORS aforesaid,, upon their oaths aforesaid, in said Court, do further present that B. R. Sheffield on or about the 20th day of May, A.D. 1954 and before the presentment of this indictment in the County of Travis and State of Texas did then and there unlawfully and without lawful authority, and with the intent to make money and with the intent to defraud, knowingly utter, publish, pass and use as true and genuine to the Veterans' Land Board of the State of Texas, an agency of the State of Texas, a certain false and forged acknowledgment to a certain instrument in writing relating to and affecting title to land in the State of Texas, which said certain instrument in writing is referred to throughout the body of this indictment as 'certain instrument in writing' and which said 'certain instrument in writing' and said false and forged acknowledgment thereto are to the tenor following:

"ASSIGNMENT

"STATE OF TEXAS
"COUNTY OF McCULLOUGH

"I, Alfonso Gutierrez Mireles, the buyer of the above described tract, do solemnly swear that I desire to purchase the land for myself, and that no other person or corporation is interested in the purchase thereof either directly or indirectly, and do hereby assign and transfer unto the Veterans' Land Board

of Texas all of my right, title and interest in and to the above contract of sale and the tracts of land described therein subject to the terms and conditions herein stated and subject to acceptance by said Board's authorized representative.

"This 18 day of May, 1954.

"/s/ Alfonso G. Mireles
"Assignor (Veteran)"

"STATE OF TEXAS
"County of McCulloch

"Before me, the undersigned authority, on this day personally appeared Alfonso Gutierrez Mireles known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

"Sworn to and subscribed to before me on this 18 day of May, 1954.

"Given under my hand and seal of office, this the 18 day of May, 1954.

"DORIS SAYLES, Notary Public"
McCulloch County, Texas

/s/ Doris Sayles

"Notary Public in and for McCulloch County, Texas
"LVB4-43-1b"

The indictment then sets out according to its tenor the contract of sale referred to and mentioned in the "assignment" and "certain instrument in writing." [sic.]

Following the instrument the indictment alleges:

"* * * and the aforesaid false and forged acknowledgment to the said 'certain instrument in writing' purported to have been duly and lawfully made on the 18th day of May, A.D. 1954 by the aforesaid Alfonso Mireles before a Notary Public in and for McCullough County, Texas, to-wit: the aforesaid Doris Sayles, the said Doris Sayles being then and there a Notary Public, in and for McCullough County, Texas, and as such Notary Public, being authorized by law to take the acknowledgment of any in-

strument, document or paper affecting or relating to the title of land in the State of Texas, when in truth and in fact the said acknowledgment to the said 'certain instrument in writing' was not duly and lawfully made by the said Alfonso Mireles before the said Notary Public Doris Sayles (the said Doris Sayles as such Notary Public having wilfully, fraudulently and falsely certified that the said acknowledgment was duly and lawful made before her by the said Alfonso Mireles), and the said B. R. Sheffield then and there, when he did utter, publish, pass and use as true and genuine to the aforesaid Veterans' Land Board as aforesaid, well knew that the said acknowledgment to the said *to the said* 'certain instrument in writing' was false and forged, as aforesaid and in manner aforesaid * * *."

Appellant insists that the allegations of the indictment are insufficient to charge an offense because, first, it is not alleged that the instrument declared upon as the subject of forgery and uttering purported to be the act of another as required under the general forgery statute, Art. 979, V.A.P.C.; and second, that Articles 1007 and 1008, supra, when enacted did not create a new and different type of offense of forgery and therefore the allegations of the indictment under these statutes were insufficient to charge an offense.

Articles 1007 and 1008, supra, as enacted in 1876 and which have remained unchanged, were part of an act entitled an act "to provide for the detection and conviction of all forgers of land titles." [sic]

It was not until passage of the act of 1876 that certificates of acknowledgment became the subject of forgery in this state. Rogers v. State, 8 Texas App. 401 and Johnson v. State, 9 Texas App. 249.

Appellant cites and relies upon the Rogers and Johnson cases, supra, decided after the passage of the Act of 1876, in support of his contention that the act did not create a new and different type of forgery from that then existing under the general forgery statute, Pasc. Dig. Art. 2093, now Art. 979, supra.

While the opinions in the two cases contain language which would support appellant's contention, we do not construe the decisions as so holding.

In the cases mentioned the offenses charged were the forgery and passing as true of certain forged certificates of ac-

knowledgment purporting to be the act of another. The alleged act of forgery was not the making of a false acknowledgment by a person authorized to take the proof of acknowledgment and the court was not called upon to decide whether such an act constituted the offense of forgery under the Act of 1876.

We hold that under the provisions of Art. 1007, supra, the offense of forgery includes the wilful making of a false certificate of acknowledgment to any instrument affecting or relating to the title to lands by any person authorized by law to take the proof of acknowledgment of such instrument. We think that such was the intent of the legislature in passing the Act of 1876 and that the indictment charged the offense of uttering and passing a forged instrument under Art. 1008, supra.

We are aware of no reason why the legislature was lacking in power to create the new offense and denominate it forgery, and to provide a punishment for uttering or passing such forgery. The false certificate of acknowledgment requires no allegation that it purported to be the act of another.

Appellant next contends that there is a conflict as to the punishment provided in Article 1007, supra, and Article 360, V.A. P.C,. and that because of such conflict neither is enforceable. Article 360 reads as follows:

"If any notary public or other officer authorized by law, shall give a false certificate for the purpose of authenticating any instrument of writing for registration, he shall be confined in the penitentiary not less than two nor more than five years."

It was a part of the Old Code. As stated, in 1876, Article 1007, supra, was enacted.

A comparison of the two statutes clearly reflects that Art. 360, supra, is a general statute pertaining to the giving of a false certificate for the purpose of authenticating *any* instrument in writing for registration whereas Art. 1007, supra, is a special statute applicable only to the making of false certificates of acknowledgment to instruments *affecting or relating to title to lands.*

It is a rule of statutory construction that where two statutes cover the same subject matter, the one general and the other special, the special statute will control, not upon any theory of implied repeal, but upon the broad rule that all parts of the acts

or statutes must stand if possible, and that the intention of the legislature is more clearly reflected by the special statute than by the general one. Both are permitted to stand, each applying in its proper place, the special statute being treated as though it were a proviso excepting something from the general one. Fortinberry v. State, 283 S.W. 146, Hunt v. Atkinson, 12 S.W. 2d 142, 17 S.W. 2d 780, City of Marshall v. State Bank of Marshall, 127 S.W. 1083 (Civ. App.) error refused. Ex parte Townsend, 64 Texas Cr. Rep. 350, 144 S.W. 628.

An application of these rules of statutory construction to the statutes in question leads to the conclusion that the legislature, by the subsequent enactment of Art. 1007, supra, intended that such statute be an exception to Art. 360, supra, and that from and after its enactment, the act of making a false certificate to an instrument affecting or relating to the title of lands be an offense under Art. 1007, supra, rather than Art. 360, supra.

To prove that the false acknowledgment, upon which the prosecution was based, was a forgery, under the provisions of Art. 1007, supra, it was necessary to show the official capacity of Doris Sayles as a Notary Public. The only evidence of her official capacity is her testimony that she was a notary public. She was an accomplice as a matter of law and was so recognized by the court in his charge to the jury and her testimony upon this material fact stands uncorroborated in the record.

The uncorroborated testimony of Doris Sayles was insufficient to show that she was authorized to take the proof of acknowledgment.

The instrument set out in the indictment purports to show that Doris Sayles was a notary public in and for McCulloch County, Texas.

The indictment alleges, however, that she was a notary public in and for McCullough County, Texas and as such was authorized by law to take the acknowledgment of any instrument, document or paper affecting or relating to the title to land in the State of Texas, and also alleged that the assignment purported to have been made before a notary public in and for McCullough County, Texas to-wit: The aforesaid Doris Sayles.

The witness Doris Sayles was permitted to testify that she was a notary public over the objection that the records were the best evidence.

Had the state sought to support the allegation of the indictment in this regard by the records, they would have been faced with the fact that there is no McCull*ough* County in Texas. It is evident, therefore, that records were not available to prove the allegation of the indictment that Doris Sayles was a notary public in and for McCull*ough* County, Texas.

In the event of further prosecution, a new indictment should be sought in which the county should correctly be named and upon the trial the state should be required to prove the allegation that Doris Sayles was a notary public by the record showing her appointment and qualification.

The trial court's remark to the jury to the effect that if they separated "it could cause reversible error in the case which we hope won't happen," was serious error and one which constitutes grounds for reversal. Mahaney v. State, 95 Texas Cr. Rep. 443, 254 S.W. 946 and Ables v. State, 103 Texas Cr. Rep. 456, 281 S.W. 858.

In view of the foregoing we find it unnecessary to pass upon the effect of the variance in the name of the veteran referred to in the indictment as "Alfonso Gutierrez Mireles," "Alfonso G. Mireles" and "Alfonso Mireles." [sic]

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

### ON STATE'S MOTION FOR REHEARING

MORRISON, Presiding Judge.

In an able motion, the State, through the district attorney of Travis County, has attacked each ground upon which our original opinion reversed this conviction.

The crux of the state's position is its contention that "while the general rule is that the best evidence by which a fact can be proved must be produced or its absence accounted for, before secondary or inferior evidence is admissible, a well-established exception to this general rule is that the official character of an alleged public officer need not be proved by the commission or other written evidence of the right of such officer to act as such, except in an issue directly between the officer and the public." The state relies upon Woodson v. State, 24 Texas Cr.

Rep. 153, 6 S.W. 184, and the cases which follow the rule therein announced.

An analysis of the Woodson case demonstrates that the exception to the rule is based upon public convenience and the presumption that public officers have performed their duty and have acted in a regular and lawful manner and have not exceeded their lawful authority. It is only, until the contrary is shown, that the law presumes that a public officer acted within his power and authority. 17 Texas Juris., sec. 76 p. 277.

In other words, the state is here seeking to invoke this presumption which arises as an exception to the best evidence rule when the basis for the presumption does not exist. This is so because Doris Sayles, who gave the oral testimony in this case upon which the state seeks to rely to show her official capacity, also admitted that she had violated the law in the performance of the duties of her office if, in fact, she was a notary public.

The law indulges in no presumptions and makes no exceptions in the rules of evidence to support the official status of one who admittedly violates the law in the performance of his duties. For when it is shown that the official violated the duties of his office, then the issue between "the officer and the public" arises.

In addition to what we have just said, we observe that Doris Sayles' status as a notary was not a collateral issue which needed no corroboration but was, in the words of Judge Henderson in Locklin v. State, 75 S.W. 305, "the main fact" to be proven.

Article 1010, V.A.P.C., if it is a valid statute, has no application here because it requires first that an offense be shown and that the accused take some step or do any one act or thing in the commission of the offense. Unless and until it was established here that the certificate was a forgery, no offense had been committed. The forgery and the offense in the case at bar are shown only by the uncorroborated testimony of the accomplice and are therefore not shown at all.

Our disposition of this contention renders unnecessary consideration of the other questions raised.

Remaining convinced that we properly disposed of this cause originally, the state's motion for rehearing is overruled.

WOODLEY, Judge, dissenting.

The trial court did not err in permitting Doris Sayles to testify that she was a notary public in and for McCulloch County, Texas.

Woodson v. State, 24 Texas Cr. Rep. 153, 6 S.W. 184, cited by the state, is direct authority for holding that her testimony was not inadmissible under the best evidence rule, there being no issue between her and the public as to her status as a notary public.

Doris Sayles testified upon an issue between appellant and the State and freely admitted that she made the false certificate as a notary public.

It is true that this was an essential element of the offense charged against appellant and a material issue between the state and appellant, but it was not an issue between the accomplice witness and the public.

Upon the issue between the state and appellant, raised by the indictment and plea of not guilty, appellant did not see fit to resort to the records or otherwise challenge Doris Sayles' status as a notary public, as was done in Faubion v. State, 104 Texas Cr. Rep. 78, 282 S.W. 597, cited by appellant.

There is much evidence, some of which was offered by appellant to show that Doris Sayles was *acting* as a notary public in and for McCulloch County, Texas, and there is no evidence which shows or tends to show that she was *not* a regularly appointed and qualified notary public in and for said county.

We were also in error in holding that because the state failed to produce proof other than that of Doris Sayles to establish the fact that she was a notary public in and for McCulloch County, Texas, the evidence was insufficient to sustain the conviction under the rule requiring corroboration of the testimony of an accomplice.

Art. 718 V.A.C.C.P. provides that a conviction cannot be had upon the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant with the offense committed."

This statute further provides "and the corroboration is not sufficient if it merely shows the commission of the offense."

It would seem clear that further and additional proof as to Doris Sayles' status as a notary public could under no circumstance tend to connect appellant with the offense charged and thus satisfy the provision of Art. 718 V.A.C.C.P.

The recognized test to determine the sufficiency of evidence to corroborate an accomplice witness is to exclude the testimony of the accomplice or accomplices from consideration and determine whether there is other inculpatory evidence which tends to connect the defendant with the offense charged. Alexander v. State, 160 Texas Cr. Rep. 460, 274 S.W. 2d 81.

If there be such other evidence which tends to connect the accused with the offense charged this satisfies Art. 718 V.A.C. C.P. and if the evidence as a whole is sufficient to show beyond a reasonable doubt that the defendant is guilty of the offense charged, and the jury so finds, this court's duty is to hold the evidence sufficient to sustain the conviction.

The holding on original submission was based upon what I believe to be an erroneous construction of the holding of this court in cases such as Almazan v. State, 140 Texas Cr. Rep. 432, 145 S.W. 2d 576, where it was said: "Every essential fact testified to by the accomplice alone must be corroborated by non-accomplice testimony tending to connect appellant with the commission of the offense charged."

If this may be interpreted as requiring proof from sources other than Doris Sayles as to her status as a notary public, then it is wrong and is contrary to the rule recognized elsewhere in the same opinion and in other opinions of this court.

It is not necessary that the corroborating evidence support that of the accomplice as to each incriminative fact, but is sufficient if the corroborating evidence tends to connect the accused with the offense charged. Contreras v. State, 144 Texas Cr. Rep. 285, 162 S.W. 2d 716.

Every constituent element of the offense as testified to by the accomplice need not be corroborated. Williams v. State, 59 Texas Cr. Rep. 347, 128 S.W. 1120.

It is not necessary to corroborate an accomplice's entire narrative nor all of his testimony. Middleton v. State, 86 Texas Cr. Rep. 307, 217 S.W. 1046.

The error shown in the remark of the trial judge was made before any evidence was introduced. It was not objected to at the time and there was no motion to have the jury instructed to disregard it. In the light of these facts, it is not such error as would justify reversal.

I do not find in Art. 1010 P.C., cited in the majority opinion on rehearing, where "it requires first that an offense be shown."

I do find where it provides that in prosecutions for offenses such as that of the making and uttering of a false and forged certificate it shall be no defense "that the matter, act, deed, instrument or thing was in law, either in substance or form, void."

While I do not base my dissent upon Art. 1010 P.C. and express no opinion as to its validity, it seems clear that if it is not material that the false certificate be void in substance or in form, it must follow that no defect in the appointment or qualification of the notary public who forged the void instrument would be fatal to the conviction of the person who passed or uttered it.

ON STATE'S SECOND MOTION FOR REHEARING

DAVIDSON, Judge.

In our original opinion as well as in the opinion overruling the state's motion for rehearing, we did not intend to hold that proof of the fact that Doris Sayles was a notary public could be proven only by the record of her appointment and qualification.

We recognize, in the instant case, that proof of the fact that Doris Sayles was a notary public could have been made by her testimony, and when corroborated by other evidence it would have been sufficient to so show.

The majority of this court remain convinced that this record does not authorize the conclusion that the testimony of the witness Doris Sayles that she was a notary public was corroborated by other testimony, as the law requires.

Judge WOODLEY remains convinced that the evidence is sufficient to establish that Doris Sayles was a notary public.

The state's second motion for rehearing is overruled.