## ROSS SNOW v. STATE.

No. 29,994. October 29, 1958.
State's Motion for Rehearing Overruled January 7, 1959.

*James J. Shown, Larry Emerson,* and *W. E. Martin* (on appeal only), Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Howell E. Stone,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, five years.

In view of our disposition of this appeal, a recitation of the facts will not be deemed necessary other than to observe that, according to the state's witnesses the deceased cursed the appellant as he passed in an automobile, and the issue of self defense was closely contested.

Bill of Exception No. 1 recites that, after the jury had been selected and as they were preparing to leave the courtroom for the noon meal, the learned trial judge, among other admonitory instructions, told them the following: "The law provides that you must remain together. * * * If you separate *our work is for nothing*, and we will have to grant a new trial * * * ."

The appellant promptly objected that this constituted a comment on the fact that the accused might be convicted. Following this, the court stated that he did not know what the facts or the evidence would be, but failed to instruct the jury not to consider the admonition above complained of.

This is not a question of first impression. In Johnson v. State, 67 Texas Cr. Rep. 441, 149 S.W. 165 (1912), this court said:

"* * * when after they were sworn and impaneled, at adjournment time, the court instructed the jury they must not separate, for, if they did do so, 'it would force him to grant a new trial.' This was improper, and the objections of appellant thereto under the circumstances of this case seem to be well founded."

In Mahaney v. State, 95 Texas Cr. Rep. 443, 254 S.W. 946 (1923), this court, speaking through Presiding Judge Morrow, said:

"Just before the jury retired for lunch the court verbally gave to them this instruction:

" 'Gentlemen of the Jury: You must not separate, and you must stay together. The Court of Criminal Appeals has held that you must stay together, and unless you do the court will have to give a new trial.'

"An exception was reserved to this at the time. Complaint

is made that this instruction was violative of the statute which prohibits the trial judge, 'at any stage of the proceedings, previous to the return of the verdict, from making any remark calculated to convey to the jury his opinion of the case.' The statute (Article 740, C.C.P.), forbids any verbal instructions in a felony case. Article 787, C.C.P., forbids any remark by the trial court, verbal or written, which conveys to the jury his opinion of the case. The inhibition against a verbal charge is not violated by a verbal admonition to the jury to the effect that the law forbids a separation before verdict. It is feared that in the instant case the learned trial judge, in admonishing the jury, made an unhappy choice of language. One with the intelligence and information which is supposed to characterize a juror acceptable to both the state and appellant would know that it was only in case of a verdict of guilty that a new trial could be granted. The remark of the court that, if they separated, he would have to grant a new trial, was at least susceptible of the interpretation by the jury that, in the opinion of the court, the verdict would be 'guilty.' "

Soon thereafter in Ables v. State, 103 Texas Cr. Rep. 456, 281 S.W. 858 (1926), this court said:

"Bill No. 1 reveals that, after the jury had been impaneled and sworn, and as they were about to retire from the courtroom at noon in custody of the sheriff, the court instructed them thus:

" 'Gentlemen of the jury, you must not separate during the trial of this case. If you separate, your verdict will be a nullity, and void, and I will have to set it aside, and give the defendant a new trial, and what you have rendered in this case will be void.'

"It is believed in the present case that the language of the court used in admonishing the jury against separation is not well chosen and that it may have been construed by the jury as indicative that the trial judge entertained an opinion adverse to the appellant's case * * * ."

Recently in our original opinion in Sheffield v. State, 165 Texas Cr. Rep. 354, 307 S. W.2d 100, approved by a unanimous court, we said:

"The trial court's remark to the jury to the effect that if they separated 'it could cause reversible error in the case which we hope won't happen,' was serious error and one which con-

stitutes ground for reversal. Mahaney v. State, 254 S.W. 946, and Ables v. State, 281 S.W. 858."

In view of the record before us, we are forced to the conclusion that reversible error was reflected by the comment of the trial judge.

The judgment is reversed and the cause remanded.

WOODLEY, Judge (dissenting).

Appellant admittedly shot with a pistol and thereby killed John Thomas, and the jury's finding against him on his plea of self-defense is supported by the evidence.

The sole ground for reversal is presented by formal bill of exception relating to the trial judge's admonition to the jury regarding the necessity of the jury remaining together during the trial.

The bill reflects the following: That as a part of his oral admonitory instructions to the jury prior to the noon recess, the trial court said "If you separate our work is for nothing, and we will have to grant a new trial, and I know you don't want * * *." Appellant's counsel interrupted at this point with exception to such statement upon the ground that "the court is commenting on the fact that the defendant might be convicted." The trial judge then stated, "You may have your bill. In view of the objection, the court does not comment on the facts or the evidence. The court has no idea what the facts or evidence are. This is purely for the purpose of trying to follow the procedure."

Sheffield v. State, 165 Texas Cr. Rep. 354, 307 S.W. 2d 100, is the latest case cited by appellant in support of his contention that the court's remark constituted reversible error. In that case the remark of the court was that if the jury separated "it could cause a reversible error, which the court hoped would not happen." The case was reversed on other grounds.

The writer's dissenting opinion on rehearing in the Sheffield case shows that he did not consider the court's remark to be ground for reversal.

Mahaney v. State, 95 Texas C. Rep. 443, 254 S.W. 946, is

cited by appellant as being squarely in point. In that case, as in Johnson v. State, 67 Texas Cr. Rep. 441, 149 S.W. 165, the court's language was in effect the same as that complained of herein and was held to be improper. In Mahaney v. State the court said that it was uncertain whether the remark was prejudicial, but reversed saying:

"The evidence being conflicting, the punishment above the minimum, the commission of error certain, and the result questionable, we are constrained to resolve the doubt in favor of the accused. It is therefore ordered that the judgment be reversed, and the cause remanded."

In Johnson v. State, supra, the conviction was reversed for other reasons. As to the remark of the trial judge the court said:

"This was improper, and the objections of the appellant thereto under the circumstances of this case seem to be well founded. As explained by the court, *this might not alone present reversible error,* yet, as the case will be reversed anyway on other grounds, we call attention to it that the court may not again fall into the same error, but may instruct them in the first instance in the way he did after this exception had been reserved."

Ables v. State, 103 Texas Cr. Rep. 456, 281 S.W. 858, is also cited by appellant. The court's remark was: "Gentlemen of the jury, you must not separate during the trial of this case. If you separate, your verdict will be a nullity, and void, and I will have to set it aside, and give the defendant a new trial, and what you have rendered in this case will be void."

The court said:

"It is believed in the present case that the language of the court used in admonishing the jury against separation was not well chosen and it may have been construed by the jury as indicative that the trial judge entertained an opinion adverse to the appellant's case. The verdict was much above the minimum, and, in the light of the evidence in the case, we deem it our duty to order a reversal of the case because of the remarks mentioned."

It will be noted that in the Ables case there was no subsequent attempt to clarify the remark or remove any harmful effect thereof.

The state cites, among other cases, Ward v. State, 69 Texas Cr. Rep. 62, 126 S.W. 1145, and Hickox v. State, 95 Texas Cr. Rep. 173, 253 S.W. 823.

In Ward v. State the trial judge admonished the jury at some length about the necessity of remaining together and keeping themselves aloof and said "the law requires that I give you these instructions, and requires that you observe them. To be guilty of disobedience or violation of these instructions might cause a reversal of the case."

This court held:

"We think that considered altogether the instructions given by the court to the jury were entirely appropriate, and indeed, to be commended, and that it is scarcely conceivable any man fit to sit on a jury would, or could have understood from anything contained in this statement that the Court meant to express any opinion in reference to the case."

In Hickox v. State, supra, the trial judge told the jury that they must remain together and that if they separated the defendant could reverse the case. This court held that the statement should not have been made, but that it was not of that material character for which the case should be reversed.

From the cases cited it appears that whether the court's remark calls for reversal depends upon other facts of the case. Where the trial judge has, as here, attempted to cure the matter by subsequent instruction, remarks of the trial judge regarding new trial or reversal have not alone previously been made the basis for reversal of the conviction.

I find nothing in the record which would tend to show that the remark of the court contributed to the jury's verdict, either upon the question of guilt or the punishment.

In view of the court's explanation and the absence of a showing of probable injury, the remark of the court is not deemed error such as was reasonably calculated to injure the rights of appellant, hence a reversal upon the basis of the remark is not called for.