COLLECTION CONSULTANTS, INC., Appellant,

v.

The STATE of Texas, Appellee.

Stella THORNTON, alias Sadie Vance, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 53162, 53163.

Court of Criminal Appeals of Texas.

May 3, 1977.

State's Motion for Rehearing Granted Oct. 5, 1977.

Appellants' Motions for Rehearing Denied Nov. 2, 1977.

Ralph B. Shank, Ivan Irwin, Jr., Robert B. Cousins, Jr., James E. Sutton, Dallas, for appellants.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from convictions for the offense of harassment by the use of a telephone. V.T.C.A. Penal Code, Section 42.07(a)(2). The appellants were prosecuted in a joint trial. The appellant Thornton was alleged to be an agent of the appellant corporation, acting in behalf of the corporation and within the scope of her employment. See V.T.C.A. Penal Code, Section 7.22. The appellant corporation was assessed a fine of $1,000. The appellant Thornton's punishment is confinement in the county jail for 30 days and a fine of $150; Thornton was granted misdemeanor probation for a period of 180 days.

The appellants have urged four grounds of error, but they have not contended that it was error to prosecute them under a general penal statute when a specific statute was applicable. As unassigned error under Article 40.09, Sec. 13, V.A.C.C.P., we must reverse the convictions because a specific statute prohibits the conduct which the State attempted to allege as an offense and the punishment assessed is greater than that provided by the special statute.

Only a short recitation of the testimony of the complaining witness is necessary. Ervin O. Grice testified that he received several telephone calls from a Sadie Vance representing Collection Consultants concerning a debt Grice allegedly owed Shamrock Oil Company. Grice received the first telephone call at work at 4:00 p.m. on July 15, 1974; he informed Sadie Vance that according to his records he did not owe Shamrock the amount of money they demanded and that he would prove it in court. On July 19, 1974, Grice received six telephone calls from Sadie Vance and two calls from a Gene Thomas of Collection Consultants. On July 22nd Grice received a series of four calls from Sadie Vance. On July 23rd Grice received calls from Sadie Vance at 1:41 p.m., 1:45 p.m., and 1:46 p.m.; at 1:59 p.m. he received a call from a Gene Thomas. Grice recognized the voice of Gene Thomas as the same person who had previously called him as Bob Grant of Collection Consultants. Later in the afternoon on July 23rd Grice received a call from Sadie Vance at 4:00 p.m., a call from Gene Thomas at 4:13 p.m., and two more calls from Sadie at 4:21 and 4:22 p.m. Grice made a tape recording of all the calls he received on July 23rd. Grice testified that he had heard appellant Stella Thornton speak and that her voice was the same voice he had heard on the telephone as Sadie Vance.

The State alleged and the proof shows that the telephone calls were "in connection with the collection of and attempt to collect a debt alleged to be owed by a consumer, namely Ervin O. Grice." Grice testified that he had purchased gasoline at a Sigmor service station and presented his Texaco credit card. The debt Grice allegedly owed Sharmock Oil Company arose from these purchases.

V.T.C.A. Penal Code, Section 42.07(a)(2), provides:

"(a) A person commits an offense if he intentionally:

".     .     .     .     .

"(2) threatens, by telephone or in writing, to take unlawful action against any person and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient;"

An offense under this section is a Class B misdemeanor, with a possible punishment of a fine not to exceed $1,000 or confinement in jail for a term not to exceed 180 days, or both a fine and imprisonment.

Article 5069–11.03, V.A.C.S., which was enacted at the same term of the Legislature as V.T.C.A. Penal Code, Section 42.07(a)(2), provides in part:

"In connection with the collection of or attempt to collect any debt alleged to be due and owing by a consumer, no debt collector may oppress, harass, or abuse any person by methods which employ the following practices:

".     .     .     .     .

"(d) causing a telephone to ring repeatedly or continuously or making repeated and continuous telephone calls, with the willful intent to harass any person at the called number."

An offense under this section is a misdemeanor punishable by a fine of not less than $100 nor more than $500. Article 5069-11.09, V.A.C.S.

It is a well settled rule of statutory construction that when two statutes cover the same subject matter, one general and the other special, the special statute will control. *Sheffield v. State*, 165 Tex.Cr.R. 354, 307 S.W.2d 100 (1957); *Hines v. State*, 515 S.W.2d 670 (Tex.Cr.App.1974); *Cuellar v. State*, 521 S.W.2d 277 (Tex.Cr.App.1975).

Recently this Court held that the State could not successfully prosecute a defendant under a general penal statute when a specific statute was applicable. *Alejos v. State*, 555 S.W.2d 444 (Tex.Cr.App.1977). In *Alejos* the defendant was convicted under the general statute for Evading Arrest, defined in V.T.C.A. Penal Code, Section 38.-04. The facts showed that Alejos failed to stop his motor vehicle after a police officer in a marked police car signaled for him to stop by using emergency lights and siren. Alejos contended that he should have been charged under Article 6701d, Section 186, V.A.C.S., which makes it unlawful for a driver of a motor vehicle to flee or attempt to elude a pursuing police vehicle. It was said that Article 6701d, Section 186, V.A.C.S. and V.T.C.A. Penal Code, Section 38.04, may be construed together, and they can be harmonized by giving effect to the special statute when it is applicable to the facts.

In *Edwards v. State*, 166 Tex.Cr.R. 301, 313 S.W.2d 618 (1958), the defendant was convicted of driving while intoxicated and the jury assessed punishment under the general enhancement statute, Article 62, V.A.P.C. (1925). However, Article 802b, V.A.P.C. (1925), provided the punishment for each and every subsequent conviction for the offense of driving while intoxicated. The Court held that the Legislature had provided by special statute the punishment for subsequent offenses of driving while intoxicated and that the special statute must control over the general enhancement of punishment statute.

V.T.C.A. Penal Code, Section 42.07(a)(2), is a general statute which provides a penalty for threatening to take unlawful action against any person by telephone. Article 5069-11.03, V.A.C.S., provides a different penalty for a debt collector to harass any person by causing a telephone to ring repeatedly or continuously *in connection with the collection of or attempt to collect a debt alleged to be owed by a consumer.* Under the facts presented here, the appellants can only be charged under Article 5069-11.03, V.A.C.S. Article 5069-11.03, supra, and V.T.C.A. Penal Code, Section 42.07(a)(2) when construed together can be harmonized with the specific controlling over the general statute. The punishment assessed is more than that provided by the special statute.

In the event of further prosecution the State should replead the offense under the specific provisions of Article 5069-11.03, V.A.C.S.

The judgments are reversed and the causes remanded.

Opinion approved by the Court.

## OPINION ON STATE'S MOTION FOR REHEARING

GREEN, Commissioner.

These appeals are from convictions, in a joint trial, for the offense of harassment by the use of a telephone. V.T.C.A. Penal Code, Sec. 42.07(a)(2). Appellant Thornton was alleged to be an agent of appellant Collection Consultants, Inc., acting in behalf of the corporation and within the scope of her employment. See V.T.C.A. Penal Code, Sec. 7.22. Appellant corporation was assessed a fine of $1,000. Thornton's punishment was confinement in the county jail for 30 days and a fine of $150, the confinement being probated for a period of 180 days.

On original submission, in reversing the judgments we held as follows:

"V.T.C.A. Penal Code, Section 42.07(a)(2), is a general statute which provides a penalty for threatening to take unlawful action against any person by telephone. Article 5069–11.02, V.A.C.S., provides a different penalty for a debt collector to harass any person by causing a telephone

to ring repeatedly or continuously *in connection with the collection of or attempt to collect a debt alleged to be owed by a consumer.* Under the facts presented here, the appellants can only be charged under Article 5069–11.03, V.A.C.S. Article 5069–11.03, supra, and V.T.C.A. Penal Code, Section 42.07(a)(2) when construed together can be harmonized with the specific controlling over the general statute. The punishment assessed is more than that provided by the special statute."

By its motion for rehearing, the State requests that we reconsider the statutes as applied to "the facts presented here."

The opinion on original submission gives a short recitation of applicable testimony of the complaining witness Grice. We adopt that recitation, and add thereto the following:

Grice testified that each time the individual appellant called him she gave her name as Sadie Vance. On each occasion he told her he had paid the debt in question and stated, "I would gladly prove my point in Small Claims or Civil Court." After testifying of her telephone calls of July 15, July 19, July 22, and July 23 as stated in the original opinion, Grice testified further:

"Q  Mr. Grice, once again calling your attention to the calls that were made to you by the person you knew as Sadie Vance, did that person ever admit that she knew that what she was doing was violating the law by continuing to call you?

"A  Yes.

"Q  What were—How did that come about? In what words?

"A  Well, when she'd call me I'd answer the phone and after I found out who it was, I'd tell Sadie that she was not permitting me to do my work and this constitutes harassment of the telephone; and she said, 'Yeah. I'm going to continue to call you, Mr. Grice, until you send me that check.'

"Q  Did she ever tell you or was there ever any conversation between the two of you concerning whether or not she would continue calling you? Whether it was against the law?

"A  Would you—

"Q  Let me rephrase that. There's too many whether or not's.

"A  Yeah.

"Q  Was there ever a conversation between the two of you concerning her continuing to call you whether or not it was against the law?

"A  Yes.

"Q  Would you describe that to us, please, sir?

"A  Well—uh—I would, like I say, tell Sadie that—uh—uh—I couldn't get any work done. That—uh—uh— this constitutes telephone harassment.

"She says, 'Uh-huh. I know this. I'm going to continue to call you until you send me that check, Mr. Grice.'

"Q  Did she ever tell you to stop acting like a kid?

"A  Yes, she did.

"Q  When was this?

"A  That was on one of those calls on July 23, 1974.

"Q  How did these calls affect you, Mr. Grice, if they did?

"A  Well, it was—I was—it was pretty embarrassing with the office mates sitting there and you hang up the phone, and you have a lady calling you and you can't really say that much with the exception of—uh—uh —you're harassing me. I don't really want to talk to you. And, I wasn't really able to get my work done.

"I couldn't work efficiently with the telephone ringing constantly."

The information in the case against the individual appellant alleged that on or about July 23, 1974, in Harris County, Stella Thornton alias Sadie Vance

"did then and there unlawfully intentionally threaten by telephone to take unlawful action against Ervin O. Grice, in that the said Defendant, in connection with

the collection of and attempt to collect a debt alleged to be owed by a consumer, namely Ervin O. Grice, did intentionally and knowingly threaten to cause a telephone to ring repeatedly and continuously and did make repeated telephone calls, and said unlawful action was done with the intent to harass Ervin O. Grice, at the called number and by this action did intentionally and knowingly annoy and alarm and intend to alarm the recipient, Ervin O. Grice . . . ."

The information against the corporate appellant alleged the commission of the offense by the corporation by "Stella Thornton alias Sadie Vance, an agent of the said Defendant, acting in behalf of the said Defendant and within the scope of her employment." See V.T.C.A. Penal Code, Sec. 7.22. The evidence establishes that the individual appellant was acting within the scope of her employment as an agent of the corporate appellant.

V.T.C.A. Penal Code, Sec. 42.07, Harassment, in its pertinent parts provides:

"(a) A person commits an offense if he intentionally:

    *    *    *    *    *    *

"(2) threatens, by telephone or in writing, to take unlawful action against any person and by this action intentionally, knowingly or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient;

    *    *    *    *    *    *

"(b) An offense under ·this section is a Class B Misdemeanor."

Punishment for a Class B misdemeanor is a fine not to exceed $1,000, or confinement in jail for a term not to exceed 180 days, or both such fine and imprisonment. V.T.C.A. Penal Code, Sec. 12.22.

The elements of Sec. 42.07(a)(2) are

"(1) a person

"(2) intentionally threatens

"(3) by telephone or in writing

"(4) to take unlawful action against any person

"(5) thereby intentionally, knowingly or recklessly annoys or alarms the recipient

"(6) or intends to annoy or alarm the recipient."

Art. 5069–11.03, V.A.C.S., enacted at the same term of the Legislature as Sec. 42.07, supra, provides in its pertinent part:

"In connection with the collection of or attempt to collect any debt alleged to be due and owing by a consumer, no debt collector may oppress, harass, or abuse any person by methods which employ the following practices:

"d. Causing a telephone to ring repeatedly or continuously or making repeated and continuous telephone calls with the intent to harass any person at the called number."

An offense under this article is a misdemeanor punishable by a fine of not less than $100 nor more than $500. Art. 5069–11.09, V.A.C.S.

The elements of the above offense are:

"(1) In connection with the collection or attempt to collect an alleged debt due and owing

"(2) a debt collector

"(3) may not oppress, harass or abuse any person

"(4) by causing a telephone to ring repeatedly or continuously

"(5) or by making repeated and continuous telephone calls

"(6) with the intent to harass the person called . . . ."

Section 42.07(a)(2) of the Penal Code, supra, is general in nature, in that it applies to all *threats* by telephone or in writing to take unlawful action against any person, thereby intentionally, knowingly, or recklessly annoying or alarming or intending to annoy or alarm the recipient. The offense consists primarily of the *threats* to take unlawful action. Art. 5069–11.03, V.A.C.S., on the other hand, does not concern threats; it specifically makes it unlawful for a debt collector to harass any person by causing a telephone to ring repeatedly or continuously in connection with the collection of or at-

tempt to collect a debt alleged to be owed by a consumer. The unlawful action which appellant Thornton threatened to take was to harass Grice by making repeated and continuous telephone calls until he paid the debt he told her he did not owe.

For a thorough explanation of statutes being either in or not in pari materia, see this Court's opinion *on rehearing* in *Alejos v. State*,[1] Tex.Cr.App., 555 S.W.2d 444 (1977). See also *Jones v. State*, Tex.Cr. App., 552 S.W.2d 836; *Cuellar v. State*, Tex.Cr.App., 521 S.W.2d 277; *Hines v. State*, Tex.Cr.App., 515 S.W.2d 670; 53 Tex. Jur.2d Statutes, Sec. 186, p. 280; Art. 5429b–2, Sec. 3.06, V.A.Civ.St. (Code Construction Act); V.T.C.A. Penal Code, Sec. 1.05(b). After holding the two statutes there involved not to be in pari materia, the opinion on rehearing in *Alejos* continues:

"Arguably under the facts of the instant case, the State could have prosecuted and successfully proved the elements of either § 186 of Article 6701d, supra, or § 38.04 of the Penal Code. Appellant in a motor vehicle refused to obey the signal of a uniformed police officer in a marked police vehicle to stop his car. That was a violation of said § 186 without regard to whether the officer was attempting to make an arrest. However, in doing so, appellant also fled from an officer who had probable cause to arrest. This was a violation of said § 38.04 without regard to whether appellant was driving a vehicle when doing so or whether the officer was in uniform, etc. A similar situation could arise where the State prosecutes for burglary and the defendant urges that the prosecution should be for criminal trespass."

■ The prosecution of the instant case was for threats made by appellants which were proscribed by V.T.C.A. Penal Code, Sec. 42.07, supra. The primary function of Art. 5069–11.03 V.A.C.S., as applied to the facts of the instant case, is that it made unlawful the action which appellants

threatened to take against complainant. The State was authorized to carve as large an offense from the transaction as it could, provided it cut only once. *Alejos v. State*, supra (on rehearing); *Ex parte Jewel*, Tex. Cr.App., 535 S.W.2d 362. We conclude that the State properly exercised its option as to which offense it sought to prosecute.

We now consider appellants' four grounds of error.

■ In their first ground, appellants contend V.T.C.A. Penal Code, Sec. 42.-07(a)(2) is unconstitutional in that it violates the First Amendment of the United States Constitution and also that it fails to meet the requirements of the Due Process Clause of the Fourteenth Amendment because the use of the terms "annoy" and "alarm" is vague and standardless.

Article 476, V.A.P.C., repealed by the Legislature in 1973, was the predecessor to V.T.C.A. Penal Code, Sec. 42.07. That Article in its pertinent part provided:

"Whoever . . . uses any telephone in any manner with intent to harass, annoy, torment, abuse, threaten or intimidate another, except if such call be for a lawful business purpose, shall be guilty of a misdemeanor, and upon conviction shall be fined not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000.00) or by imprisonment in the county jail for not less than one (1) month nor more than twelve (12) months, or by both such fine and imprisonment."

In *Schuster v. State*, 450 S.W.2d 616, this Court, speaking through Judge Onion, stated:

"The conviction is for violation of Article 476, Vernon's Ann.P.C., with punishment assessed at a fine of $200.00.

"In her sole ground of error appellant challenges the constitutionality of Article 476, supra. In *Alobaidi v. State*, Tex.Cr. App., 433 S.W.2d 440, this Court in an opinion by Presiding Judge Woodley up-

___

1. The opinion in the instant case on original submission cited as authority for its decision this Court's original opinion in *Alejos* delivered prior to the granting of the State's motion for rehearing and affirmance of the judgment in that case.

held the constitutionality of said statute. We adhere to that decision. See also *LeBlanc v. State*, Tex.Cr.App., 441 S.W.2d 847. As we view it, such statute is not violative of the First Amendment, United States Constitution or Article 1, Sec. 8, Texas Constitution, Vernon's Ann. St."

In *LeBlanc v. State*, supra, the contention that Art. 476, V.A.P.C., was void as being too vague and indefinite was overruled, and the constitutionality of the statute in that respect was upheld.

We fail to find any meaningful distinction between the language in Art. 476, V.A.P.C., supra, and the language in Sec. 42.-07(a)(2) here complained of which could affect the validity of Sec. 42.07(a)(2) under the right of Free Speech Amendment or cause the statute to fail to give to a person of ordinary intelligence fair notice that his contemplated conduct is forbidden. See *Papachristou v. Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The first ground of error is overruled.

■ In their second ground, appellants contend the court erred in requiring appellant Thornton to give "testimonial evidence" in violation of her rights under the Fifth Amendment to the United States Constitution and Art. 1, Sec. 10, of the Texas Constitution.

Grice, the complaining witness, testified he would recognize the voice of the person who continuously harassed him over the telephone. In the absence of the jury, the court required Thornton, over appellants' objection, to repeat in Grice's presence the following:

"I know I'm breaking the law, and I will continue to call you on your job. I'm going to keep calling you until this bill is paid."

In the jury's presence, Grice identified appellant Thornton's voice as being the voice of the person who had made the telephone calls.

In *McInturf v. State*, Tex.Cr.App., 544 S.W.2d 417, this Court held that no constitutional error was committed when the trial court required the defendant to speak in the presence of prosecutrix, and in absence of the jury, for identification purposes. We quoted with approval from *Moulton v. State*, 486 S.W.2d 334, 337, as follows:

"A handwriting exemplar in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside the protection of the Fifth Amendment to the Constitution of the United States, *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) and is outside the protection of Article 1, Section 10 of the Constitution of this state, Vernon's Ann. St., *Olson v. State*, 484 S.W.2d 756 (Tex. Cr.App.1972)."

See also *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

Appellants' second ground of error is overruled.

In ground three appellants complain the following remarks concerning appellant's payment by commission for collecting overdue debts constituted improper jury argument.

"What's her motivation? Money. These people are bounty hunters."

■ Appellants' objection to the remarks was sustained, and the court instructed the jury to disregard the comments. Appellants made a request for a mistrial. A conference between the attorney and the court ensued, and, following the conference, appellants failed to secure a ruling on his motion for mistrial. Appellants' failure to secure an adverse ruling on his motion for mistrial preserves nothing for review. *Bailey v. State*, Tex.Cr.App., 532 S.W.2d 316; *Cain v. State*, Tex.Cr.App., 549 S.W.2d 707. Further, the trial court's instruction to disregard the complained of remarks removed the harmful effects thereof, if any. *Spaulding v. State*, Tex.Cr.App., 505 S.W.2d 919; *Ramos v. State*, Tex.Cr. App., 419 S.W.2d 359.

Ground of error three is overruled.

■ Appellants in their fourth ground complain of the court's limitation of the time in which to obtain an expert to examine a recording tape read in evidence.

In a pre-trial session appellants' motion for discovery was presented and ruled upon.[2] On the day of the trial the State filed a trial brief supporting the admission of taped recorded evidence. The following day the tapes were offered and played to appellants and their counsel in the absence of the jury.

Thereupon, the following proceedings occurred:

"MR. COUSINS (Appellant's Attorney): Your Honor, at this time we renew our Motion for Discovery.

"We request the Court, as part of our Motion for Discovery on January 10th, to the effect of it to allow this tape to be examined by an expert of our own choosing, in accordance with the law, within the presence of those members of the District Attorney's staff and the State so directed also.

"THE COURT: All right, gentlemen. You have one hour. I assume you have him ready?

"MR. COUSINS: I'm making my Motion for Discovery, Your Honor. I do not have him ready.

"THE COURT: How long do you think it will take, Counsel?

"MR. COUSINS: It will take longer than an hour and a half.

"THE COURT: You were aware of the possibility of this evidence being considered yesterday. You will be given until 1:30, between this time and that; and the Record can show it is now 12:15—12:14.

"The State will make Exhibit 11 available to the Defense for examination by an expert of their choosing.

"MR. ARNOLD (State): Your Honor, for the Record, may we have a designated place?

"THE COURT: In these Chambers."

After the expiration of the time allowed by the court the appellants again moved for "a continuance and for discovery to allow for the process testing of the tape stating that such testing would take longer than one and one-half hours." Their motion was denied, and appellants excepted to the ruling of the court.

The record reflects that the State's trial brief filed the first day of the trial alerted appellants of the existence of the tape recording and the State's intention to offer it in evidence. Appellants' request on the following day for more time and further discovery under Art. 39.14, V.A.C.C.P., was not diligently made, and under the circumstances shown, the court did not abuse its discretion in denying appellants' motion, based only upon equitable grounds, and refusing to delay the trial and give appellants additional time to test the tapes. *Freeman v. State,* Tex.Cr.App., 556 S.W.2d 287 (1977); *Chance v. State,* Tex.Cr.App., 528 S.W.2d 605; *Ward v. State,* 520 S.W.2d 395.

Further, appellant cross-examined the witness Grice, who testified concerning the tape recording, at great length about the tapes and his identification of Thornton's voice, and no prejudice to appellants is reflected by the record or shown or attempted to be shown in their brief. No testimony was offered and no contention was made at the hearing on appellant's motion for new trial to indicate harm resulting from the failure to grant appellants request for further time to review the tapes.

Reversible error is not presented, and the fourth ground of error is overruled.

The State's motion for rehearing is granted.

The judgments are affirmed.

Opinion approved by the Court.

2. Appellants do not complain of any ruling made at this pre-trial hearing. Their complaint is to the court's refusal to grant their motion for continuance and discovery made during the trial, as stated infra.