**Hilton H. GREEN et al., Appellants,**

**v.**

**J. R. PAGE et al., Appellees.**

**No. 6877.**

Court of Civil Appeals of Texas.

Beaumont.

March 1, 1967.

Cowart & Orr, Bay City, for appellant.

Robert F. Atkins, James E. Faulkner, Cold Springs, for appellee.

## ON MOTION FOR REHEARING

PARKER, Justice.

The opinion and judgment rendered in this cause on the 9th day of February, 1967, are withdrawn and this opinion in all things substituted therefor with judgment rendered as hereinafter set forth.

This is an election contest. An election was held in the Oakhurst Independent School District and the Coldspring Independent School District, separately, to determine whether such school districts should be consolidated for school purposes and be known as Coldspring-Oakhurst Consolidated Independent School District. The election was held on December 11, 1965. No contest as to the election in Coldspring Independent School District is before this court. It is only the election held within Oakhurst Independent School District that is contested. The results of the election held in Oakhurst Independent School District were canvassed by the Commissioners' Court of San Jacinto County. Such court found 402 votes were cast. 248 votes were cast for consolidation and 146 votes against consolidation, with 8 mutilated ballots. The consolidation of such two districts carried in the Coldspring Independent School District. The consolidation of said school districts was accordingly approved by the Commissioners' Court. Hilton Green, Jr. and other individuals contested the validity of the school consolidation election. The trial court held the election was valid. Plaintiffs below, who were contesting the election, have appealed. They will be designated as either contestants or plaintiffs in this opinion.

Contestants have two points of error:

"1. The Court erred in finding as a matter of law that the Coldspring-Oakhurst Independent School District Election was valid and legal, because the undisputed evidence showed that a large number of the voters casting ballots had not paid their poll tax or secured an exemption certificate as required by the Texas Election Code, Articles 5.02 and 5.09.

"2. The Court erred in finding as a matter of law that the Coldspring-Oakhurst Independent School District consolidation election was valid and legal, because the undisputed evidence showed that a large number of the citizens casting ballots were not listed on the official poll tax list as required by the Texas Election Code, Article 5.22."

On December 11, 1965, the Election Code, V.A.T.S. provided:

*Art. 5.09:*

"There shall be levied and collected from every person between the ages of twenty-one and sixty years on the first day of January of each year and resident within this state on that date, an annual state poll tax of one dollar and fifty cents, * * *"

*Art. 5.10:*

"Every person who is a qualified voter otherwise and who is exempt from paying a poll tax shall be entitled to vote without being required to pay a poll tax if he has obtained his certificate of exemption from the county tax collector of the county in which he resided at the time of issuance of the certificate, *when same is required by the provisions of this Code."* (emphasis added)

The provisions of the Code requiring an exemption certificate are stated in the Acts of the 52nd Legislature, Regular Session, 1951, Chapter 492, art. 48:

"Every person who is exempted by law from the payment of a poll tax, and who is in other respects a qualified voter, who *resides in a city of ten thousand (10,000) inhabitants or more,* shall, before the first day of February of the year when such voter shall have become entitled to such exemption, obtain from the Tax Collector of the county of his or her residence, a certificate showing his or her exemption from the payment of a poll tax." (emphasis added)

Art. 5.16 incorporated the above provision in the following language:

"As a condition to voting, any person who is exempt from the payment of a poll tax by reason of the fact that he was over sixty years of age on the first day of January preceding its levy, and who resides in a city of ten thousand or more inhabitants, must annually obtain from the tax collector of the county of his residence, between the first day of October and the 31st day of January, a certificate showing his exemption from the payment of the tax."

This is in keeping with Art. 6, § 4 of the Constitution of the State of Texas, Vernon's Ann.St. which states:

"Sec. 4. In all elections by the people the vote shall be by ballot and the Legislature shall provide for the numbering of tickets and make such other regulations as may be necessary to detect and punish fraud and preserve the purity of the ballot box and the Legislature may provide by law for the registration of all voters in all cities containing a population of ten thousand inhabitants or more. As amended Aug. 11, 1891, proclamation Sept. 22, 1891."

There is not a city of ten thousand or more inhabitants within the Oakhurst Independent School District. Such persons over sixty years of age on the first of the year when the election was held were not listed on the official poll tax list because they were not required to pay a poll tax and were not required to obtain an exemption certificate. In the election in the Oakhurst Independent School District approximately 170 votes were cast by persons over the age of sixty. 150 of these testified they were over sixty years old and did not possess exemption certificates. These voters over sixty years of age were not living in a city of ten thousand inhabitants or more and were not required to obtain an exemption certificate. Huff v. Duffield, 251 S.W. 298 (Tex.Civ.App.1923, n. w. h.); Stewart v. State, 123 Tex.Cr.R. 269, 58 S.W.2d 519, at p. 520 (1933); United States v. State of Texas, D.C., 252 F.Supp. 234, on p. 239.

In this election, persons over sixty years of age were qualified to vote without an exemption certificate and without making an affidavit that same was lost. Art. 5.02 stating as a condition to voting, "any qualified elector who is over sixty years of age on the day of an election at which he offers to vote and who does not reside in a city of ten thousand or more inhabitants may vote at the election without having registered as a voter," etc., does not require an exemption certificate for over-age persons to vote. The Code and the Constitution of the State of Texas do not require exemption certificates to entitle over-age persons to vote under the facts in this case. Acts of 1965, H.B. No. 258, Chapter 354, 59th Regular Session, pages 760 and 761, only re-

pealed and deleted the previous provisions of Art. 5.02 restricting voting by persons in military service. Sec. 28, Chap. 424, p. 1046, Acts of 1963, 58th Legislature, Regular Session (Art. 5.16 of the Texas Election Code) was not amended or repealed by the Acts of 1965, H.B. No. 258.

The above answers all arguments of the contestants under their two points of error. Contestants' points of error are overruled. Contestants' motion for rehearing is overruled.

Judgment of the trial court is affirmed.